# Ashurst *et al. v.* Gibson.

*Bill in Equity to Foreclose Mortgage.*

1. *Bill against resident defendants; where filed.*—Section 3326 of the Revised Code, prior to the amendatory act of March 17, 1874, required bills against resident defendants to be filed in the district of the residence of a material defendant, unless the object was to enjoin proceedings or judgments in other courts, in which cases it required the bill to be filed in the district
   VOL. LVII.

in which such proceedings were pending or judgment rendered; and said act authorizes the filing of the bill, if real estate be the subject-matter of the suit, in the county where the same or a material portion thereof is situated.

2. *Same; where real estate is the subject-matter of suit; right of election.* Under said section, as amended, and now forming section 3670 of the Code of 1876, the complainant may file his bill in the county in which the real estate, or a material portion thereof, is situate; but the jurisdiction of the court in the district of the residence of a material defendant, remains; and the result is that the complainant may, where real estate is the subject-matter of the suit, elect the one or the other jurisdiction.

3. *Same; right of election limited to suits where land only is the subject-matter.*—The right of election thus given is limited to suits where land is the exclusive subject-matter; jurisdiction is not conferred where the relief sought is as to land and personal property—as where the foreclosure of a mortgage, including both real and personal property, or its redemption, is the subject-matter of the bill.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. N. S. GRAHAM.

Bill was filed in said Chancery Court by Allen C. Gibson, appellee, against J. F. and F. E. Ashurst, alleging in substance as follows:

That said Ashurts, although they reside in Tallapoosa county, Alabama, own real estate, a material portion of which, the subject-matter of this suit, is situated in Macon county, Alabama; that on the 27th of February, 1874, they executed to one Churchill Gibson their promissory note, payable on the first day of December, 1874, with interest from date, in the sum of $3,254.99; that to secure the payment of said note, they, at the same time, executed to said Churchill G. Gibson, a mortgage upon certain lands mentioned in the bill, to-wit: the west half of section thirty-four, the south-west half of the east half of section thirty-four, in township eighteen and range thirty-two, lying in Tallapoosa county; also, the portion of section three, lying north of ——— creek, in Macon county—township seventeen, range twenty-two; and also, three horses and one black mule; that the said Churchill Gibson transferred and assigned said note and mortgage to complainant; that the same are his property, and are still due and unpaid; that the law-day of said mortgage has passed, &c.

The prayer of the bill is for a reference to the register to ascertain the amount due, and for a sale of the property under the mortgage, for the payment of the note, and for general relief.

The defendants demurred to the bill, assigning the following grounds: *First*, the bill is without equity; *second*, the bill shows on its face that complainant is not entitled to the relief sought; *third*, the bill shows that the court has no

[Ashurst et al. v. Gibson.]

jurisdiction over the subject-matter; *fourth*, the bill is want-
ing in proper parties complainant—the said Churchill Gib-
son should necessarily be a party.

The cause coming up to be heard on the demurrers and
motion to dismiss, the court overruled both demurrer and
motion.

Defendants filed their answer, and pleaded to the jurisdic-
tion of the court, which was overruled.

The defendant (appellant here) now assigns as error the
ruling of the court on the demurrer and plea, and final decree.

R. H. LIGON and T. B. PAYNE, for appellant.—The bill
should have been filed in Tallapoosa county, where the de-
fendants resided, and where the personal property was
located. The subject-matter of this suit embraces real and
personal property. The plea to the jurisdiction should have
been sustained.

ABERCROMBIE & GRAHAM, *contra.*—There is no error in
the record. The bill was properly filed in Macon county.

BRICKELL, C. J.—The bill is filed to foreclose a mort-
gage of real and personal property, against defendants, re-
siding in another county and district, than that in which it
is filed. But a material portion of the real estate conveyed
by the mortgage, is situate in the county in which it is filed.
The demurrer and the plea to the jurisdiction present the
same question—whether jurisdiction of the person of the de-
fendants resided in the court in which the bill was filed, or
was in the court of the county and district of their residence.
The statute, prior to the act of March 17, 1873, required that
bills against resident defendants should be filed in the dis-
trict of the residence of a material defendant, unless the
object was to enjoin proceedings or judgments in other
courts, and then it must have been filed in the district in
which such proceedings were pending or judgment rendered.
Revised Code, § 3326. The act of 1873, amendatory of this
provision of the Code, authorized the filing of the bill, if
real estate is the subject-matter of suit, in the county where
the same, or a material portion thereof, is situated.—Pamph.
Acts, 1872–3, p. 119 ; Code of 1876, § 3760. The statute as
amended, simply confers on a complainant the right of filing
the bill in the county, in which the real estate or a material
portion thereof, is situated. The jurisdiction of the district
of the residence of a material defendant remains. The

locality of the real estate, and of residence, alike confer juris-- diction, and the complainant may, at his pleasure, elect the one or the other jurisdiction. The right of election is limited to suits, the subject-matter of which is real estate; and does not embrace other suits, having a different subject-matter. As to the personal property embraced in the mortgage, the court in which the bill is filed, was without jurisdiction, unless it attaches as an incident to the jurisdiction, by reason of the locality of a part of the land. The general policy of our legislation is to subject the citizen to suit only in the county of his residence, whether the action is at law or in equity. As to suits at law, no freeholder, nor householder, can be sued out of the county of his permanent residence, as a general rule.—Code of 1876, § 2928. There are exceptions of actions against joint defendants, one of whom must have a residence in the county in which suit is commenced, and of suits for the recovery of real property, or the possession thereof, or for a trespass thereto, which must be commenced in the county where the land lies. An assimilation of suits in equity, when real estate is the subject-matter, to suits at law concerning lands, so far as to confer on the court of the county in which the lands, or a material portion, may be situate, jurisdiction concurrent with that of the court of the district of the residence of a material defendant, is the purpose of the act of 1873. Land must be the subject-matter, and the exclusive subject-matter of suit, or the jurisdiction conferred by the act does not attach. Remedies must be pursued in the district of the residence of a material defendant, if land and personal property are the subject-matter of suit. Jurisdiction of the one can not draw to the court jurisdiction of the other. A mortgage may embrace a very inconsiderable quantity of land, of insignificant value, and personal property of very large value; it could not properly be said, a suit for foreclosure, or for redemption, had for its subject-matter, land. Its subject-matter is land and personal property, and in such a case it would contravene the spirit and policy of our legislation to subject parties to suit in the county in which the land is situate, without the county of their residence. Or it may be, and that may be the fact in this case, that a mortgage may embrace lands of large value, and personal property comparatively insignificant in value. All that can be said is, if a foreclosure, or redemption is sought as to both, that the suit has not for its subject-matter land, but personal property and land, and jurisdiction of it is dependent on the residence of the defendants. The

[Folmar & Sons v. Copeland & Brantley.]

demurrer, and the plea to the jurisdiction should have been sustained. It is not necessary or proper, attaining this conclusion, to express an opinion on the questions touching the merits of the controversy, which may hereafter be presented under different pleadings and proofs. The decree must be reversed, and a decree here rendered dismissing the bill without prejudice, and the appellee must pay the costs in this court, and in the Court of Chancery.