# Tennessee Coal, Iron & R. R. Co. *v.* Bridges.

*Action by Employe for Damages for Personal Injury.*

[DECIDED JUNE 30, 1905, * 39 SO. REP. 902.]

1. *Master and Servant; Injuries to Servant; Fellow Servant; Complaint.*—A count framed under subdivision 5 of § 1749 of Code of 1896, which avers that the injuries to an employe was caused by his being struck by defendant's railroad engine, but fails to allege that the person whose negligence was complained of was in charge of the engine or cars of defendant, was defective and stated no cause of action.

2. *Same.*—A common law count alleging wanton, reckless or intentional negligence of a fellow servant, which fails to allege negligence in the master in the selection of the negligent servant, or in giving him orders, etc., is demurrable.

3 *Same; Liability of Master.*—A master is not liable for the injuries done an employe by the willful, reckless or intentional act of a fellow servant, unless negligence is shown in the master himself, or the case is brought within the employer's liability act.

4. *Same; Complaint.*—A count framed under subd. 5 of §.1749, Code of 1896, which fails to allege that the engine or cars by which the employe was struck was "on any railroad track" did not state a cause of action.

5 *Pleadings; Allegation of Venue; Defensive Matter.*—A complaint need not allege that the action was brought in the county where the injury occurred, or in the county where the plaintiff resides, as provided by Acts 1903, p. 182, this being matter of defense.

6. *Master and Servant; Injuries to Servant; Jury Question.*—Where there was a conflict in the evidence as to the giving of signals to stop and as to the safety of the running board, the affirmative charge was properly refused to defendant.

7. *Trial; Special Findings; Several Counts.*—It is proper to refuse to defendant a charge to find for defendant on a certain count, where the complaint contained several counts.

8. *Master and Servant; Injury to Servant; Contributory Negligence; Instructions.*—An instruction that if plaintiff's conduct approximately contributed to his own injury he could not re-

[Tennessee Coal, Iron & R. R. Co. v. Bridges.]

cover was properly refused, as not being predicated upon any negligence on plaintiff's part.

9. *Same; Willful Injury.*—Where there was proof tending to sustain the charge of wanton, reckless or intentional conduct on part of defendant's engineer which resulted in injury to 'plaintiff's intestate, it was proper to refuse to instruct the jury that if there was a safe way for plaintiff's intestate to have discharged his duties, and an obviously dangerous way, and he chose the obviously dangerous way he could not recover.

10. *Same; Assumption of Risk.*—Pleas of assumption of risk of employment set up no defense to counts for willful, wanton or intentional negligence.

*Rehearing denied January 9, 1906.

APPEAL from Colbert Circuit Court.

Heard before Hon. E. B. ALMON.

This was an action for damages for personal injury to an employe. It was begun by the person injured, A. A. Hughes, who died after the trial in the lower court and before this cause was submitted in this court. The cause was revived in the name of G. M. Bridges, as Admr. of the estate of Hughes.

The complaint contained eight counts; the first four counting on the negligence of the defendant, through its servant, Jim Street, the engineer in charge of defendant's engine, by negligently running his engine against defendant and knocking him off the trestle. Jim Street is alleged to be a fellow servant. The first count declares that the injury was wantonly or recklessly done. The other three are in simple negligence. Demurrers were interposed to thes counts: To the first count because (1) therein and thereby plaintiff seeks to hold the defendant liable for the wanton, reckless, or intentional act of a fellow servant, and fails to allege or show that such act was done under the direction or instruction of the defendant; (2) said count of complaint shows that the injury complained of was caused by the negligence of the fellow servant of plaintiff, and fails to show or allege any negligence on the part of defendant in the selection of such fellow servant. To the second count because (1) said count fails to allege or

show that the defendant owed plaintiff any duty at the time and in the place where the injury complained of occurred. To the fourth count because (1) said count fails to allege or show that the defendant owed plaintiff any duty at the time and in the place where the injury complained of occurred. To each count of the complaint because said complaint and each count thereof fails to show where the injury complained of occurred.

Plaintiff added the fifth, sixth, seventh, and eighth counts. The fifth count alleges that the defendant was engaged in operating a blast furnace in Colbert county, and was in the corporate limits of Sheffield; and in connection therewith and accessory thereto the defendant was at the same time operating locomotives or switch engines and cars upon railroad tracks in the handling of material for and the products of said furnace; that plaintiff was employed by said company in the capacity of trestle foreman, and was in the active discharge of his duties upon said trestle when it was being used by the defendant in said business, when he was recklessly, wantonly. or intentionally injured by the defendant, through its servant, one Jim Street, who is alleged to have been employed by defendant, and was at the time working for defendant, in the capacity of engineer, and who so wantonly or recklessly handled the engine of which he was in charge as to knock plaintiff off the trestle. The sixth count is in simple negligence, and contains practically the same allegations that are contained in the fifth count, leaving out the wanton, reckless or intentional feature of it. The seventh count is similar in all respects to the fifth count, except it alleges that one John Gay, who was in the employment of the defendant, working on said trestle, caught hold of the car which was being operated by defendant, through its agent, Jim Street, recklessly and wantonly, to prevent being knocked off, and that the engineer in charge of the engine propelling the car recklessly, wantonly, or intentionally ran said engine and car , with the said John Gay holding thereto. along the trestle, so that the body of said John Gay struck the plaintiff and knocked him from the trestle. The eighth count is a repetition of the seventh

count, but alleges simple, instead of wanton negligence. Demurrers were interposed to all the counts except count 6 .

Defendant filed a number of pleas. Plea No. 2 alleged that the plaintiff assumed the risk of injury in his said employment; No. 3, that the employment in which plaintiff was then engaged was obviously dangerous and known to the plaintiff for a sufficient length of time, that he remained therein, and thereby assumed the risk of said employment.

The evidence was in conflict as to just how the injury occurred, as to whether or not the signals were given and as to whether they were *obeyed.* There was also conflict as to whether or not the engineer ran the car further than the signals authorized, and also whether or not the position of the plaintiff on the running board was one of safety or peril. There was also conflict as to whether plaintiff was knocked off the trestle by the car or by the body of John Gray who is alleged to have swung on to the car.

The following charges were refused to the defendant: "(3) Gentlemen of the jury, there is no evidence of wanton, willful, or intentional injury on the part of the defendant's servant, Street, towards plaintiff; and if you believe the evidence in this case you must find for the defendant on the first and fifth counts of the complaint. * * * (5) The court charges the jury that there is no evidence of willful, wanton, or intentional injury on the part of Street; and if they believe the evidence they must find for the defendant on the first and fifth counts. * * * (7) If the jury believe from the evidence that plaintiff's conduct proximately contributed to his own injury, then he cannot recover in this case, and your verdict must be for the defendant. * * * (9) If the jury believe from the evidence that the plaintiff could have performed his duties in unloading the car without being upon the running board of the trestle, where the car to be unloaded was being placed, and that he could have remained in a place of safety until the car was placed, then he contributed by his own negligence proximately to his injury, and he cannot recover.

\* \* \* (12) If the jury believe from the evidence that there was a safe way and an obviously dangerous way for the plaintiff to discharge the duties of his employment, and the plaintiff selected the obviously dangerous way of performing said duties, and he was thereby injured, I charge you that the plaintiff was guilty of contributory negligence in selecting the dangerous way to perform his duties, and cannot recover in this case, and your verdict should be for the defendant."

There was verdict and judgment for plaintiff, and defendant appeals.

TILLMAN, GRUB, BRADLEY & MORROW, for Appellant. The court improperly overruled the demurrer to the first count. The count is in trespass, and the trespass attempted to be alleged is a trespass by the defendant. Its allegation that the plaintiff was wantonly, recklessly or intentionally injured by the defendant through its servant, one Jim Smith, who wantonly and recklessly or intentionally run an engine of cars of which he had charge or control against plaintiff, fails to state a cause of action on the case against appellant in that it fails to aver that Jim Smith was then and there acting within the line and scope of his employment.—*City Delivery Co. v. Henry,* 139 Ala. 161. It is evident, however, that the pleader intended to frame this count as one in case under subd. 5 of the Employer's Liability Act. In this we think he fails.—*M. & O. R. R. Co. v. Thomas,* 42 Ala. 672; *M. & O. R. R. Co. v. Smith,* 59 Ala. 245. Subd. 5 of the statute does not apply to a stationary engine, and the complaint must allege that the engineer was in charge of an engine on a railway track or part of a railway track.—*Zenida Coal Co. v. Whatley,* 122 Ala. 118. The averments in the count that Jim Street who was working for defendant in the capacity of an engineer ran an engine of cars of which he had charge or control against plaintiff and knocked him off the trestle, is not equivalent to an averment that Jim Street was operating one of the engines of defendant on a railroad track; and if it be treated as a count in case it fails to aver that the intentional act was done by the servant while acting

within the line or scope of his employment; and it shows that the act was that of a fellow servant.

Judgment, even by default, will not support a count which fails to state a cause of action.—*Bryant v. So. Ry. Co.,* 137 Ala. 488.

Demurrers to the second count should have been sustained. This count, charging simple negligence shows that the negligence complained of was the negligent act of a fellow servant. It fails to show what duty plaintiff owed to defendant and also fails to aver the violation of any duty. Aside from these facts, the second count, as well as the first, fails to show where the injury occurred. For aught that appears the trestle where plaintiff was injured may have been in Tennessee.

The demurrers to the fifth count should have been sustained. This count charges trespass by the defendant and proof of participation by the defendant in the trespass is necessary to support its averments. It also alleges the negligence of a fellow servant.

Demurrers to the sixth count should have been sustained. No facts are averred showing that Jim Street was not the fellow servant of plaintiff. The court erred in refusing charge 1, the general affirmative charge with hypothesis. All the evidence is set out in the bill of exception and fails to show any wantonness on the part of the defendant or his servants. A mere error of judgment as to the result of doing or omitting to do an act, having no evil purpose or intent and unconscious of probable injury, may constitute simple negligence, but never constitutes wanton negligence or wilful wrong. Aside from this, the counts charging wantonness are in trespass. And the trespass is alleged against the defendant and proof of actual participation in the trespass is essential.—*City Delivery Co. v. Henry,* 139 Ala. 161; *Birmingham Ry., Light & Power Co. v. Bowers,* 110 Ala. 331 and authorities there cited.

If we are mistaken as to the trespass and the counts are in case they do not state a cause of action, and the affirmative charge should have been given. As to the counts charging simple negligence they are not good counts under subd. 5 of § 1749 of the Code, but are com-

mon law counts, charging negligence of a fellow servant for which the defendant is not responsible. However, that may be, the plaintiff joined issue on defendants pleas of contributory negligence which pleas were in general terms and under which evidence of any negligence of plaintiff which proximately contributed to his injury will defeat a recovery under the count charging simple negligence. For reasons assigned why the demurrer to the first count should have been sustained and why the affirmative charge should have been given, there was error committed in refusing to defendant charges 3 and 5. Charge 7 should have been given. When a party joins issue on an immaterial or defective plea, proof of the plea entitles the other party to a verdict. Charge 12 asserts a correct legal proposition. There being no tendencies in the testimony showing wanton or intentional wrong, and the act complained of alleged to have been the act of the defendant requiring proof of participation by the defendant in the act, this charge should have been given.—*City Delivery Co. v. Henry,* 139 Ala. 161; *So. Ry. Co. v. Yancey,* 141 Ala. 246; *Birmingham So. Ry. Co. v. Gunn,* 141 Ala. 372; *Central of Ga. Ry. Co. v. Freeman,* in MSS; 1 LaBatt Master and Servant, § 333. Plaintiff could have performed his duties just as well in a safe way as in the dangerous way selected by him, and it was negligence for him to have selected the more dangerous method.—*Campbell v. Lunsford,* 83 Ala. 516; *R. R. Co. v. Holborn,* 84 Ala. 133; 108 Fed. Rep. 747; 56 Ib. 973; 30 S. E. Rep. 503; 38 S. E. Rep. 350.

For these same reasons and on the same authorities, it was error to refuse charges 9 and 16 requested by appellant. The fifth count does not charge wanton or intentional wrong. It avers no more than simple negligence. Its averments show that the plaintiff was injured by reason of the negligent act of a fellow servant. It is not similar in its averments to count 1.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 382.

KIRK, CARMICHAEL and RATHER, for Appellee.—The demurrers were properly overruled to count 1.—*H. A. & B. R. R. Co. v. Robinson,* 125 Ala. 483; *C. O. Ga. Ry.*

*Co. v. Foshee,* 125 Ala. 199. Averments required in a complaint are but little more than the conclusions of the pleader, leaving the facts which support the conclusion to be brought out in the evidence.—*G. P. Ry. Co. v. Davis,* 92 Ala. 300; *L. & N. R. R. Co. v. Hawkins,* 92 Ala. 241; *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240; *L. & N. R. R. Co. v. Jones,* 83 Ala. 376; *B. L. & I. Co. v. Campbell,* 121 Ala. 50.

Damages may be recovered from an employer for injuries inflicted wantonly on an employe by another employe while acting within the general scope of his employment.—*Trammell's case,* 93 Ala. 350; *Gillam v. S. & N. A. Ry. Co.,* 70 Ala. 268; *P. T. Co. v. Brantley,* 107 Ala. 683.

Count 4 charges the defendant with simple negligence and its allegations are sufficient.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 367: *L. & N. R. R. Co. v. Jones,* 83 Ala. 276; *B. L. & I. Co. v. Campbell,* 121 Ala. 50; *L. & N. R. R. Co. v. York,* 128 Ala. 307 and authorities *supra.*

It is not necessary to specify the place where the injury occurred.—*M. & O. R. R. Co. v. Thomas,* 42 Ala. 713. Demurrers to pleas 2 and 3, in so far as they attempt to answer counts charging wantonness, were properly sustained.—*Markee's case,* 103 Ala. 160; *Orr's case,* 121 Ala. 469; *Hurt's case,* 101 Ala. 34.

Charges 1, 3, 5, 19, 20, 21, refused to defendant are in effect the general affirmative charge with hypothesis. There was conflict in the evidence and their refusal was proper.—*Allen's case,* 87 Ala. 502; *Campbell's case,* 109 Ala. 520; *Bayless case,* 74 Ala. 150; *Jones case,* 80 Ala. 123; *Jones case,* 121 Ala. 113.

Charges 7, 9, 12 and 16 were properly refused.

SIMPSON, J.—The first count of the complaint is not a count under the statute, because it does not allege that the party whose negligence is complained of was in charge' of an engine on a railroad.—Code 1896, § 1749, subsec. 5; *Sloss-Sheffield Steel & Iron Co. v. Mobley,* 139 Ala. 425, 36 South. 181. As a complaint at common law said count alleges that the injury resulted from the wanton, reckless, or intentional act of a fellow servant

of plaintiff, but does not allege or show that the master was guilty of negligence in the selection of said servant, or in the orders given him, or otherwise. Consequently the demurrer to this count should have been sustained. 2 Labatt on Master and Servant, p. 2355, § 855a; *Lawler v. Androscoggin R. R. Co.*, 62 Me. 463, 16 Am. Rep. 492. While it is true that under our decisions a master is liable for the wanton, reckless, willful or intentional acts of his employe, when acting within the scope of his employment, yet that does not abrogate the principle that when the injury is to a fellow servant the master is not liable, unless the case is brought within the statute or, if the common-law liability is relied on, negligence be alleged and shown in the master himself.—1 Labatt on Master and Servant, pp. 391, 392, § 177, and note. *The Wildman Case*, 119 Ala. 566, 24 South. 764; *Gilliam Case*, 70 Ala. 268. *Highland Ave. Case*, 125 Ala. 483, 28 South. 28, and the *Henry Case,* 139 Ala. 162, 34 South. 389, were all cases of injury to a passenger or a stranger; and the case of *So. Ry. v. Moore*, 128 Ala. 434, 29 South. 659, merely decides that, in a case within the statute, the fact that the injury was from the willful, wanton, reckless, or intentional wrong of the fellow servant does not prevent a recovery, the same as if it was negligence, strictly speaking. The general principle is that the "master is not liable to those in his employ for injuries resulting from the negligence, carelessness, or misconduct of a fellow servant."—*Laning v. N. Y. Central R. Co.*, 49 N. Y. 521, 10 Am. Rep. 417.

The demurrer to the fourth count of the complaint was improperly overruled. Said count alleges that defendant was operating a furnace in Colbert county, and was operating a locomotive along a certain railroad track, but it does not allege that the engine or car was on any railroad track. See *Mobley's Case, supra.* Notwithstanding Acts 1903, p. 182, requiring these actions to be brought in the county where the injury occurred, or in the county where plaintiff resides, it is not necessary to allege these matters in the complaint, as it is a matter of defense to be pleaded. The demurrer to the fifth count should also have been sustained. See *Mob-*

*ley's Case, supra,* and others referred to. The court finds in the record no demurrers to the sixth count of the complaint.

As there was a conflict in the evidence on the subject of giving or obeying signals to stop, and of the safety or unsafety of the position on the running board, and on the question whether or not the engineer ran the car further than the signals authorized, also as to whether plaintiff was knocked off by the car or by the body of Gay, the court properly refused to give the general charge for defendant. Charges 3 and 5, requested by the defendant, were properly refused. Where the complaint contains several counts, it is proper to refuse a charge instructing the jury, if they believe the evidence, to find for the defendant on one of the counts.—*U. S. Fidelity & Guaranty Co. v. Habil,* 138 Ala. 348, 35 South. 344; *Bessemer Liquor Co. v. Tillman,* 139 Ala. 462, 36 South. 40.

The court did not err in refusing to give charge 7, requested by defendant. In order to sustain the defense of contributory negligence, the conduct of the plaintiff must be negligent, and must also contribute proximately. This charge does not refer it to the jury to determine whether plaintiff was negligent. A man's conduct may proximately contribute to his injury, yet he may have been free from any negligence. Charge 7 was properly refused. The court properly refused to give charge 12, requested by the defendant, as there were counts in the complaint alleging willful, wanton, and reckless conduct on the part of the engineer, and the court is not prepared to say that there was no evidence from which the jury might find that said allegations were sustained. Charge 9 was properly refused, because it did not hypothesize that the running board was a place obviously dangerous.

The demurrers to pleas 2 and 3 were properly sustained, as said pleas do not sufficiently set forth any defense.

For the errors pointed out the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

McClellan, C. J., and Tyson and Anderson, JJ., concur.