## Río v. Vázquez.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 541.—Resuelto en febrero 11, 1911.

INJUNCTION—CUANTÍA DE LA RECLAMACIÓN—JURISDICCIÓN.—Las cortes de distrito tienen jurisdicción para expedir mandamientos de *injunction*, cualquiera que sea la cuantía de la cosa reclamada en la demanda.

ID.—SUFICIENCIA DE LA SOLICITUD.—Si de la petición interesando un mandamiento de *injunction* apareciere claramente el derecho del demandante, y la necesidad y urgencia del remedio que se pide, la petición es suficiente. Si la corte hubiere estimado suficiente la petición, y ordenado la expedición del *injunction*, adoptando las medidas necesarias para proteger los derechos del demandado, su resolución no será modificada en apelación, a no ser que se demuestre un abuso de su facultad discrecional.

ID.—INJUNCTION PARA DETENER EL CUMPLIMIENTO DE UNA SENTENCIA.—Aun cuando debe procederse con gran cautela en la expedición de mandamientos de *injunction* para impedir el cumplimiento de sentencia, a instancia del dueño del inmueble que deba ser subastado, esto no implica que deban ser denegados en los casos en que la justicia y la equidad los demanden.

ID.—JURISDICCIÓN SOBRE LA PERSONA DEL DEMANDADO.—Aunque el nombre de la persona contra la que se solicitara un mandamiento de *injunction* no figurare en el título de la petición como parte demandada, por haberse encabezado ésta con el título del pleito de que es incidente, ello no implica falta de jurisdicción en la corte sobre tal persona, si en la notificación del mandamiento se observaren las formalidades que la ley prescribe sobre entrega de copia de la petición.

ID.—La circunstancia de que el demandado en el pleito principal no resida dentro del distrito judicial de la corte que hubiera expedido el *injunction*, tampoco significa falta de jurisdicción para conocer del *injunction*, si la corte tiene jurisdicción sobre la materia envuelta en el pleito principal.

ID.—DEFECTOS EN EL JURAMENTO DE LA PETICIÓN.—Los defectos de que adolezca el juramento de la solicitud deben ser materia de objeción ante la corte inferior, y si no se hubieren alegado ante dicha corte, no podrán servir de fundamento para revocar la sentencia en apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

Abogado del apelado: *Sr. Mariano R. Acosta.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

El día 24 de febrero de 1910, José León Río presentó una solicitud jurada a la Corte de Distrito de Aguadilla, alegando

sustancialmente que el demandado, Fernando Vázquez, siguió
un pleito en la Corte Municipal de San Sebastián, contra el
peticionario, y obtuvo una sentencia a su favor por la suma
de. $391.66 y las costas; que para pagar dicha suma, el peti-
cionario transfirió a Vázquez cinco cuerdas de terreno, radi-
cadas en San Sebastián; que esto no obstante, Vázquez pidió
la ejecución de dicha sentencia; que habló entonces con Váz-
quez, y convinieron en que Vázquez le devolvería las expresa-
das cinco cuerdas, y el peticionario pagaría en dinero; que al
ir a tomar posesión de las cinco cuerdas de terreno, se en-
contró con que Vázquez las había vendido, y que, así las cosas,
Vázquez solicitó y obtuvo nuevamente el auto de *injunction,*
y para su cobro, se embargó una finca del peticionario, de
ciento diez cuerdas de terreno. El peticionario alegó, ade-
más, que había entablado, juntamente con la petición de *in-
junction,* una demanda en la corte de distrito, sobre cumpli-
miento del contrato celebrado con Vázquez; que la subasta
estaba señalada para el día primero de marzo, y que de lle-
varse a cabo, ocasionaría al peticionario, daños y pérdidas con-
siderables, e irreparables quizás, lo que podía evitarse, orde-
nando la suspensión de la subasta, hasta la resolución de la
demanda establecida contra Vázquez; y concluyó, solicitando
que se expidiera un auto de *injunction* en tal sentido, dirigido
al marshal de la Corte Municipal de San Sebastián.

La corte fijó en $4,000, el importe de la fianza exigida al
peticionario, cuya fianza fué prestada por este último; y se
ordenó por el tribunal, que se expidiera el auto solicitado.

Luego compareció el demandado, Vázquez, y solicitó la
disolución de la orden de *injunction,* por los motivos consig-
nados en una moción presentada al efecto, acompañada de
una declaración jurada que apoyaba dicha moción; y la corte,
el 17 de marzo de 1910, después de haber oído a ambas partes,
desestimó la petición del demandado, solicitando la disolu-
ción del *injunction.*

Contra esta resolución de la corte, se ha interpuesto el
presente recurso de apelación. En apoyo de su actitud, el

abogado del apelante plantea las proposiciones que se consignan a continuación:

Alegó primeramente el apelante, en el acto de la vista, que la corte había actuado sin jurisdicción, porque la cantidad en controversia, es inferior a quinientos dollars. Aún suponiendo que fuera así, la corte habría actuado con jurisdicción. La jurisdicción de tribunales de jurisdicción general, en la expedición de *injunctions,* no está limitada por la cuantía de litigio, que es generalmente aplicable a las demás facultades de los tribunales, a menos que aparezca claramente que fué la intención de la Legislatura, imponer tal restricción. (2 Cyc. 907; *Anderson County* v. *Kennedy,* 58 Tx., 616; *Stein* v. *Frieberg,* 64 Tx., 271.)

Pero, nuestra ley que confiere autoridad para expedir, en los casos en que fueren procedentes, autos de *injunction,* dirigidos a los jueces de las cortes de distrito, no impone tal restricción sobre la facultad conferida, según se verá al examinar la sección segunda, y los párrafos primero y segundo, de la sección tercera de la ley para definir los *injunctions,* etc., que dicen lo que sigue:

"Sección 2.—La Corte Suprema o cualquier juez de la misma, podrá, para hacer efectiva su jurisdicción, librar mandamientos de *injunction,* bajo las reglas prescritas por la ley, y, los jueces de las respectivas cortes de distrito podrán también librarlos en todos los casos en qué tales mandamientos sean procedentes.

"Sección 3.—Puede concederse un *injunction* en los siguientes. casos:

"1. Cuando resultare de la petición, que el peticionario tiene derecho al remedio solicitado, y dicho remedio, o parte del mismo, consiste en impedir la comisión o continuación del acto denunciado, bien por un período de tiempo limitado, o perpetuamente.

"2. Cuando de la petición o declaración jurada, resultare que la comisión o continuación de algún acto, durante el litigio, habrá de causar pérdidas o daños de consideración, o irreparables, a alguna de las partes."

Leyes de Puerto Rico, de 1906, p. 82.

Sostiene el apelente, además, que la petición no contiene hechos suficientes para basar en ellos, la solicitud de *injunction*. Pudiera tal vez haberse redactado con más claridad dicha petición, pero aún tal como está se desprende de la misma claramente el derecho del demandante, y la necesidad y urgencia del remedio. Además, dicha petición se presentó a la corte de distrito, y ésta apreció que mostraba motivos suficientes para expedir el auto solicitado, y lo expidió, fijando una fianza suficiente para responder de cualquier perjuicio que pudiera ocasionarse al demandado; y, a menos que se demuestre que la corte ha abusado de su discreción, no estaremos dispuestos a revocar su resolución. La ley con respecto a los principios generales que regulan la expedición de *injunctions*, y la discreción del tribunal para resolver la procedencia de los mismos, está tan bien expresada en la *Cyclopedia of Law and Procedure* de la que copiaremos un párrafo de la misma:

"Un *injunction*, ya sea provisional, o perpetuo, no puede, como regla general, ser solicitado como cosa de derecho, sino que la concesión o denegación del mismo, está encomendada a la sana discreción del tribunal, según las circunstancias del caso de que se trate. Especialmente es esta la regla en el caso de un *injunction* provisional, cuando la concesión del *injunction* depende de la resolución de cuestiones de hecho, y las pruebas son contradictorias. Sin embargo, la facultad discrecional no es arbitraria ni ilimitada, y debe ejercerse razonablemente y en armonía con principios bien establecidos. Y cuando el caso justificado por el demandante, es perfectamente claro, y si dicho demandante ha llenado todos los requisitos de la ley, para la expedición de un *injunction*, entonces tiene derecho al *injunction* como cuestión de ley. La resolución del tribunal puede ser revisada en apelación o casación, en el caso de abuso manifiesto de discreción, pero no de otra manera; y no procederá la expedición de un *mandamus* para regular el ejercicio de tal facultad discrecional. Un *injunction* provisional podrá ser denegado en circunstancias en que podría concederse un *injunction* perpetuo; especialmente cuando fuere pedido en una solicitud ex parte. No se concederá un *injunction* en los casos en que repugne al buen criterio del juzgador; ni cuando tienda más bien a alentar que a impedir la comisión de fraudes e injusticias."

22 Cyc., 746, 747, 748 y 749.

Alega el apelante, además en apoyo de su actitud, que la doctrina establecida en el caso de *Lóthrop, Luce & Co.* v. *Rossner,* 3 Castro, Dec. P. R., 55, impide la expedición del auto en este caso. Ni el caso de *Lothrop, Luce & Co.* v. *Rossner,* ni el de *Carlin* v. *Hudson,* 12 Tx., 202, que citamos en nuestro dictamen en el referido caso, son exactamente iguales al presente, y no pueden seguirse en esta decisión.

Aunque sea necesario ejercer gran cuidado en la expedición de autos de *injunction* para impedir la ejecución de una sentencia, a instancias del dueño de la finca que se trata de vender, esto no quiere decir que no deben librarse cuando la justicia y la equidad lo requieran.

Alega el apelante, Vázquez, además, que la Corte de Distrito de Aguadilla no tenía jurisdicción sobre la persona del marshal de la Corte Municipal de San Sebastián, ni sobre el mismo apelante, porque no consta que el primero fuera demandado, ni que el segundo residiera en el Distrito de Aguadilla.

Pero, si bien el marshal no aparece como demandado en el encabezamiento de la solicitud, en que se expresa el título del pleito, debe tenerse presente que el auto fué expedido como incidente dentro de los procedimientos seguidos contra Vázquez, sobre cumplimiento de contrato; y, además, que no obstante el hecho de no figurar el nombre del marshal, como demandado, ha debido cumplirse con las disposiciones de la sección 5ª. de la ley sobre *injunctions,* página 87, Leyes de Puerto Rico, de 1906; entregándosele, junto con el auto, una copia de la petición. Si algo tenía que objetar, la ley le daba amplias oportunidades para presentar esas objeciones, y para que se le oyera con respecto a las mismas. En cuanto al hecho alegado, de que el demandado no residía en Aguadilla, debe tenerse presente que aparece que la finca que, a sus instancias se trataba de vender en pública subasta, radica dentro del Distrito Judicial de Aguadilla, y que la Corte de Distrito de Aguadilla tenía jurisdicción sobre el asunto de que se trataba en el pleito principal, del cual era simplemente un inci-

dente el procedimiento de *injunction*.   Véase *Río* v. *Vázquez,* sobre traslado, resuelto por este tribunal, el 21 de diciembre de 1910.   Y también los casos de

*Smith* v. *Smith,* 88 Cal., 575.

*Baker* v. *F. F. Ins. Co.,* 73 Cal., 182.

*Ashurst* v. *Gibson,* 57 Ala., 584.

Alega el apelante, finalmente, que el juramento prestado con respecto a la petición de *injunction,* es defectuoso, porque examinado en relación con la solicitud, se advierte que no expresa cuales materias constan al peticionario por propio conocimiento, y cuales por información y creencia; y porque no aparece consignado el número que la declaración jurada tiene en el registro de declaraciones juradas del notario, ante quien se prestó dicho juramento.   Ciertamente, que debemos observar que los indicados son defectos que pudieron haberse alegado con éxito, ante la Corte de Distrito; pero como no consta que allí se hicieron tales alegaciones, no puede servir ahora de fundamento para revocar la resolución apelada.   El juramento es defectuoso, pero no es nulo.   Puesto que no encontramos en los autos, error alguno, debe confirmarse la sentencia en todos sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf y del Toro.

El Juez Asociado, Sr. Aldrey, no intervino en la resolución de este caso.