130 So.2d 17

ASSOCIATED GROCERS OF ALABAMA

v.

GRAVES CO. et al.

2 Div. 416.

Supreme Court of Alabama.

May 11, 1961.

Edw. E. Partridge, Demopolis, for appellees.

M. R. Nachman, Jr., Steiner, Crum & Baker, Montgomery, and Neil Metcalf, Geneva, for appellant.

STAKELY, Justice.

This is an appeal from a decree of the circuit court of Marengo County, in Equity, overruling appellant's demurrer to the bill of complaint.

This is a suit brought by certain alleged wholesalers of cigarettes under the Unfair Cigarette Sales Act. Title 57, §§ 83(1)–83(14), Code of 1940 (1955 Cumulative Pocket

Part). Section 83(2) of the cited statute provides in material part as follows:

"It is * * * declared that the advertising, offering for sale, or sale of cigarettes below cost, in the retail and wholesale trades with the intent of injuring competitors, destroying or substantially lessening competition is an unfair business practice and the policy of the state is to promote the public welfare through the prohibition of such sales, the purpose of this chapter being to carry out that policy in the public interest."

Section 83(3) makes the sale of cigarettes at less than cost and in violation of the statute a misdemeanor. Section 83(12) allows "any person injured" by a violation a suit "in any court of equitable jurisdiction" to prevent, restrain, or enjoin such violation, with provision for damages.

The complaint alleges in substance that the respondent, with an intent to injure competitors, had sold and delivered cigarettes at wholesale since its incorporation and up to the filing of the bill, particularly in Demopolis in the County of Marengo at less than the cost thereof within the meaning of the statute and had thereby violated the provisions of the statute. Complainants sought an injunction and restraining order.

Respondent demurred to the bill on the ground, among other grounds, of improper venue. The demurrer was overruled and the trial court ordered a temporary injunction as prayed for in the bill of complaint.

The question for decision is whether Marengo County is a proper venue for this suit.

The bill of complaint alleges that respondent (appellant) is a domestic corporation with its "principal place of business at Birmingham Food Terminal, Finley Yards, Birmingham, Jefferson County * * *." Title 7, § 294, Code of 1940, provides in its first clause that a bill in equity "must be filed in the county in which the defendant, or a material defendant, resides * * *." According to the contention of appellant the portion of Section 294, which has been set forth, requires that the instant suit be filed in Jefferson County.

Appellee points, however, to the language of § 83(12) (a) of the Cigarette Act, by which it is provided that "any person injured" may maintain an action for injunctive relief and damages "in any court of equitable jurisdiction." Appellee seems to contend in substance that the effect of the quoted language is to eliminate the usual requirements of venue insofar as suits under the Cigarette Act are concerned, or to create a special venue in "any court of equitable jurisdiction" for such suits. We think, however, that the purpose and effect of the quoted language of the Cigarette Act relates only to questions of jurisdiction and do not affect the separate and distinct question of venue. Generally jurisdiction and venue are separate and distinct. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665. In other words, the legislature has by this Cigarette Act created a new cause of action and provided remedies for injury. Where the remedy primarily sought is the injunctive remedy, the legislature has properly conferred the authority to entertain and adjudicate the new cause of action upon courts of equity. By way of contrast, subsection (b) of § 83(12) provides that "in the event no injunctive relief is sought or required" a person injured may maintain an action for "damages alone in any court of competent jurisdiction." In the situation here described the remedy is of a purely legal, rather than an equitable nature. Accordingly, jurisdiction has not been limited to courts of "equitable jurisdiction."

In further support of its position and of the trial court's ruling, the appellee seeks to invoke the aid of Title 7, § 60, Code of 1940, which provides in its material part that "a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose * * *." Under this statute, according to the appellee, the venue was properly laid in Marengo County.

We also call attention to § 54, Title 7, Code of 1940, which in pertinent part reads as follows, "all other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done or may have occurred. * * *."

Consideration of some Alabama decisions dealing with venue statutes which are predecessors of the present venue statutes may be helpful. In Ashurst v. Gibson, 57 Ala. 584, there was a bill filed to foreclose a mortgage of real and personal property against defendants residing in another county and district than that in which the bill was filed. This court said:

" * * * The statute, prior to the act of March 17, 1873, required that bills against resident defendants should be filed in the district of the residence of a material defendant, unless the object was to enjoin proceedings or judgments in other courts, and then it must have been filed in the district in which such proceedings were pending or judgment rendered. Revised Code, § 3326. The act of 1873, amendatory of this provision of the Code, authorized the filing of the bill, if real estate is the subject-matter of suit, in the county where the same or a material portion thereof, is situated. Pamp.Acts, 1872-3, p. 119; Code of 1876, § 3760. The statute as amended, simply confers on a complainant the right of filing the bill in the county, in which the real estate or a material portion thereof, is situated. The jurisdiction of the district of the residence of a material defendant remains. The locality of the real estate, and of residence, alike confer jurisdiction, and the complainant may, at his pleasure, elect the one or the other jurisdiction. The right of election is limited to suits, the subject-matter of which is real estate; and does not embrace other suits, having a different subject-matter. As to the personal property embraced in the mortgage, the court in which the bill is filed, was without jurisdiction, unless it attaches as an incident to the jurisdiction, by reason of the locality of a part of the land. The general policy of legislation is to subject the citizens to suits only in the county of his residence, whether the action is at law or in equity. As to suits at law, no freeholder, nor householder, can be sued out of the county of his permanent residence, as a general rule. Code of 1876, § 2928. There are exceptions of actions against joint defendants, one of whom must have a residence in the county in which suit is commenced, and of suits for the recovery of real property, or the possession thereof, or for a trespass thereto, which must be commenced in the county where the land lies. * *." 57 Ala. 586-587.

The bill in the foregoing case was dismissed.

In Home Protection of North Alabama v. Richards, 74 Ala. 466, it was pointed out that a different rule pertains to domestic corporations and that an act providing that a domestic corporation may be sued in any county in which it does business by agent is not unconstitutional, because a rule for venue for domestic corporations can be based on considerations different from venue for suits against individuals.

We think that these cases show that a statute providing that a domestic corporation may be sued in any county in which it does business by agent is just as important as a statute providing that a suit in equity must be filed in the county where a material defendant resides.

So in order to determine the proper venue in the present case, we should consider and attempt to reconcile the quoted provisions of § 294, Title 7, Code of 1940, of § 60, Title 7, Code of 1940 and of § 54, Title 7, Code of 1940. These stat-

utes should be construed in pari materia. American Standard Life Ins. Co. v. State, 226 Ala. 383, 147 So. 168.

A solution to the instant problem is suggested by the treatment we have accorded § 60, or its predecessors, in relation to § 54, quoted above, or its predecessors. Our approach to these two statutes and their interrelation has been that in cases where either statute would be applicable the plaintiff has an election to choose, for purposes of venue, the one under which to proceed. In other words, if one county is a proper venue under § 54 and another under § 60, then both counties are equally proper and plaintiff may file in either. Thus for example, in Drennen Motor Car Co. v. Evans, 192 Ala. 150, 155, 68 So. 303, 305, we said:

"What, then, is the meaning of sections 6110 (§ 54) and 6112 (§ 60) as to the venue of actions, other than for personal injuries, against domestic corporations? These statutes, when construed together, specifically declare the venue of all personal actions, other than those for personal injuries, against a domestic corporation, to be: (1) In the county of the residence or of the situs of the corporation; or (2) in the county where such corporation does business by agent; or (3) in the county in which the act or omission complained of may have been done or may have occurred."

See also Southern Railway Co. v. Goggins, 198 Ala. 642, 73 So. 958; Montgomery Iron Works v. Eufaula Oil & Fertilizer Co., 110 Ala. 395, 20 So. 300; Ashurst v. Gibson, 57 Ala. 584.

In short, these statutes are not conflicting but complementary and provide not inconsistent but alternative procedures.

■  What is true of § 60 and § 54 is, we think, equally true of § 60 and § 294, such that a complainant in equity in a suit against a domestic corporation has the same election as a plaintiff at law. So in the instant case the bill could have been filed under § 294 in Jefferson County or under § 60 in Marengo County, where appellant did business by agent. Appellee has elected to sue in Marengo County. The venue will not be disturbed.

■  In order that there may be no misunderstanding, let us say that there was no duty on the part of the complainant to show proper venue in the bill of complaint, since improper venue ordinarily is defensive matter to be shown by plea. Tennessee Coal Iron & R. R. Co. v. Bridges, 144 Ala. 229, 39 So. 902. But where the demurrer attacks the bill as showing improper venue, demurrer will be overruled if the facts alleged in the bill show proper venue. Crawford v. Walter, 202 Ala. 235, 80 So. 73; Puckett et al. v. Puckett, 174 Ala. 315, 56 So. 585.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.