BRADLEY, Judge.
On August 22, 1975 Harry J. and Brenda K. Willis purchased a used Concord mobile home from Mustang Mobile Homes of Alabama and executed a “credit sale contract and security agreement” granting Mustang a security interest in the home. That same day, Mustang assigned all of its rights in the secured collateral or proceeds thereof to Midland Guardian Company. Although the Willises had signed the contract and security agreement for the mobile home, John and Lois McGugin, Mrs. Willis’s parents, made all the payments on the mobile home and lived in it.
In 1976 H.L. Williams was employed by Barrett Mobile Home Transport, a Minnesota corporation, as a mobile home mover. On the morning of August 23, 1976 Williams arrived in Jackson, Alabama to transport the McGugins’ mobile home to Irving-ton, Alabama. After placing the trailer on the carrying frame, Williams inspected the frame’s undercarriage, put air in its tires, and hitched the frame to his truck cab. Williams then attempted to move the mobile home from a small dirt road adjoining the McGugins’ trailer park lot onto a paved two lane highway which abutted the park. To reach the two lane highway, Williams had to drive his truck and carrying frame up the dirt road, over a hump two feet in front of the paved highway, and onto the highway itself. The carrying frame was supported by a series of three axles. When the frame’s third axle attempted to traverse the hump, it rose approximately one foot off the dirt road and then returned to the ground. The frame’s “tongue” simultaneously dug a hole in the asphalt of the highway and the roof, sides, and floor of the McGugins’ mobile home cracked. Williams moved the damaged mobile home back onto the dirt road leading from the trailer park to the paved highway but refused to return it to the McGugins’ lot within the park. Williams proceeded to contact Barrett’s district manager in Birmingham, Alabama, who subsequently appeared in Jackson. Neither Barrett nor Williams offered to repair the damaged trailer at Barrett’s expense or to move it back onto the McGugins’ trailer park lot.
Almost immediately after the accident, Barrett’s district manager asked Mr. Sol Stewart, owner of a mobile home dealership in Jackson, Alabama, to remove the mobile home from the trailer park to his mobile home dealership lot until Barrett decided what it would ultimately do with the home. Stewart complied with this request and the home remained on his storage lot for three or four months thereafter until agents of Mustang Mobile Homes repossessed it in April 1977 for the benefit of Midland Guardian. Stewart charged Barrett ten dollars for moving the home but did not receive any money for storing it.
On September 19, 1976 John and Lois McGugin filed a three count complaint in the Circuit Court of Clarke County against Barrett and Williams. Count one alleged that these defendants had breached their contract to move plaintiffs’ mobile home from Jackson to Mobile, Alabama by failing to move same. Count two charged defendants with negligence in moving the mobile home. Count three stated that defendants had converted the home to their use. Defendants moved the court to change the venue of the action from Clarke County to Jefferson County on the grounds that Barrett was a foreign corporation which did not do business by agent in Clarke County.
After their venue motion was denied, defendants then filed an answer and counterclaim. Plaintiffs denied the counterclaim. The case was tried before a jury on the breach of contract and negligence counts of the complaint. A verdict was rendered for plaintiffs in the amount of $3,536. Defendants moved for a judgment n.o.v. or, in the alternative, for a new trial. These motions were denied. An appeal was perfected and several issues were raised, among them be *1366 ing the question of proper venue. Inasmuch as we consider this issue to be disposi-tive of the appeal, none of the other issues will be considered.
Article 12, § 232 of the Alabama Constitution and § 6-3-7, Code 1975, prohibit the maintenance of a lawsuit in a county against a foreign corporation qualified to do business in this state where the corporation was not doing business by agent in the county at the time the lawsuit was filed. Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). Moreover, this rule obtains “regardless of whether it [i.e. the corporation] is sued jointly with someone as to whom venue is good in that county.” Roland Pugh Mining Co. v. Smith, Ala., 388 So.2d 977 (1980). Thus, if Barrett, a Minnesota corporation licensed to do business in Alabama, was not doing business in Clarke County at the time plaintiffs instituted their lawsuit against Barrett and Williams, the circuit court erred in refusing to transfer the case to Jefferson County, where Barrett conceded that it was doing business on September 1, 1976.
Plaintiffs produced no evidence upon the trial of this cause tending to show that Barrett regularly transported mobile homes from or to Clarke County, solicited orders for its business in Clarke County, or had any agents transacting any other business in the county at the time they instituted their action in the county against Barrett and Williams. At most, the record tends to show that Williams and Barrett’s district manager were physically present in the county from August 23 to August 27, 1976, that Mr. Stewart took possession of the McGugins’ mobile home on August 25, 1976 at the manager’s request, and that Stewart maintained the home in storage at Barrett’s request for three to four months subsequent to August 25, 1976. This evidence is wholly insufficient to demonstrate that Barrett was doing business by agent in Clarke County on the date plaintiffs filed suit in this case in its circuit court, i.e. September 1, 1976.
Plaintiffs contend that because Stewart retained possession of their mobile home and maintained it in good condition at Barrett’s behest for three to four months subsequent to August 25, 1976, it necessarily follows that he was Barrett’s agent and that, therefore, Barrett was doing business by agent in Clarke County on September 1, 1976. We cannot agree.
An agency relationship between the parties exists where one party agrees to act on behalf of another and to be subject to his control. Knight Iron & Metal Co. v. Ardis, 29 Ala.App. 600, 199 So. 712 (1940), rev’d on other grounds, 240 Ala. 305,199 So. 716 (1941). A circuit court may not entertain an action against a foreign corporation in its county based upon the actions of its alleged agent in that county unless this agent has express authority to conduct business on the corporation’s behalf. Assured Growth Corp. v. Tomberlin, Ala.Civ.App., 334 So.2d 918 (1976). Although Stewart consented to act on Barrett’s behalf when he moved the plaintiffs’ mobile home onto his mobile home dealership property in Jackson and continued to hold it there at Barrett’s request, he was not subject to Barrett’s control during this period of time. Moreover, Stewart did not receive authority from Barrett to, and was not held out to third persons by Barrett as having authority to, and did not, in fact, drive any of its vehicles, solicit transportation contracts for the corporation, or conduct any other business for the corporation on its behalf. On this state of the record we cannot say that Stewart was acting as Barrett’s agent in Clarke County on September 1, 1976. Consequently, Barrett was not doing business by agent in Clarke County when this action was commenced in its circuit court and that court erred to reversal in refusing to transfer this case to Jefferson County.
The judgment of the circuit court is reversed and the cause remanded for entry of judgment not inconsistent with this opinion. Defendant Barrett’s request for an attorney’s fee of $660.00 is denied.
*1367 REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.