STEAGALL, Justice.
Rodney Edward Hawkins petitions this Court for a writ of mandamus directing the Honorable Douglas I. Johnstone, Judge of the Circuit Court of Mobile County, Alabama, to set aside his order transferring the underlying lawsuit to Escambia Circuit Court and to restore the case to the Mobile Circuit Court’s docket for further discovery and trial. The writ is denied.
This action arises out of an injury incurred by Rodney on August 7, 1984, while working at the T.R. Miller Mill Company in Brewton, Alabama, in Escambia County. Petitioner is a resident of Escambia County. The original complaint filed by Rodney and his wife, Debra, was filed on May 14, 1985, in the Circuit Court of Mobile County. The complaint named the three following defendants, as well as various fictitious parties: Montgomery Industries International; Lumber Systems, Inc.; and Case Herring. Plaintiffs subsequently amended their complaint to add additional defendants and to substitute named defendants for the fictitious parties.
All of the defendants named in the original complaint, as well as those added by the amended complaint, filed motions to dismiss or, in the alternative, to transfer this action to the Circuit Court of Escambia County. After hearing oral argument and considering the letter briefs submitted by the various parties, Judge Johnstone granted the motions to transfer to Escambia County, as to all defendants. Petitioner then filed a motion to reconsider the transfer order. After additional oral argument and further letter briefs, Judge Johnstone denied the petitioner’s motion to reconsider and upheld his original ruling transferring *827 the case to Escambia County. Petitioner then applied for this writ of mandamus.
Montgomery Industries is a Florida corporation which qualified to do business in the State of Alabama prior to the incident made the basis of this action. It has its registered agent in Calhoun County, Alabama, and has done business in Escambia County in the past. It is undisputed that at all times material hereto, Montgomery Industries did no business in Mobile County.
Lumber Systems is an Oregon corporation which was not qualified to do business in Alabama either at the time of the incident made the basis of the complaint or at the time the action was brought. It is further undisputed that Lumber Systems does not do business in Mobile County and has never done business in Mobile County. The summons and complaint were served on Lumber Systems by certified mail in Portland, Oregon.
Case Herring, an individual defendant, is a resident of the State of Florida and is employed as a sales engineer for Montgomery Industries. He has never been a resident of this state. He was served by certified mail in Jacksonville, Florida.
Although the petitioner subsequently amended his complaint, both to add additional defendants and to substitute named defendants for fictitious parties, those pleadings are not pertinent to the issue raised in this petition, because venue must be determined at the time the suit is filed, and if venue is improper, the suit shall be transferred. Ex parte Parker, 413 So.2d 1105 (Ala.1982); Ex parte Wilson, 408 So.2d 94 (Ala.1981); Rule 82(d), A.R.Civ.P.
Petitioner asserts that although none of the original parties to the complaint had any connection with Mobile County, this action may properly be brought in Mobile County because a foreign corporation not qualified to do business in this state (such as Lumber Systems) may be sued in any county in the state if it is actually doing business in the state. Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960).
Petitioner also asserts that when a suit is brought against both individuals and corporations and venue would lie in different counties according to statutory provisions, the plaintiff may elect which county to choose for purposes of venue, and additional claims and parties may be joined as ancillary thereto. Petitioner cites Rule 82(c), A.R.Civ.P.; Associated Grocers v. Graves, 272 Ala. 158, 130 So.2d 17 (1961); see also Ala.Code 1975, §§ 6-3-2 and 6-3-7.
Alabama Code 1975, § 6-3-2, provides among other things that an individual may be sued for personal injuries either in the county of the defendant’s residence or in the county in which the incident occurred. A pertinent portion of Alabama Code 1975, § 6-3-7, provides that “[a] foreign corporation may be sued in any county in which it does business by agent....”
Rule 82(c), A.R.Civ.P. provides: “Whenever an action has been commenced in a proper county, additional claims and parties may be joined, ... as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.” This rule is subject to the limitation in the Alabama Constitution (1901), art. XII, § 232. The committee comments to Rule 82(c) of the A.R.Civ.P. state:
“It should be noted that subdivision (c) cannot be applied in a suit against a foreign corporation so as to violate the constitution. Const. 1901, § 232, providing that a foreign corporation may be sued in any county in which it does business, has been held to be mandatory and restrictive, and not merely permissive. May v. Strickland, 235 Ala. 482, 180 So. 93 (1938). And this has been interpreted to mean that where a foreign corporation and another defendant are sued together, suit in a county where the foreign corporation does not do business is improper, even though the county was a proper venue as to the other defendant. Alabama Warehousing Company v. Hyatt, *828 26 Ala.App. 117, 154 So. 318 (1934). Rule 82(c) cannot alter this holding.”
See also Barrett Mobile Home Transport, Inc. v. McGugin, 423 So.2d 1364 (Ala.Civ.App.1981), rev’d on other grounds, 423 So.2d 1367 (Ala.1982); Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940).
Petitioner argues that Associated Grocers of Alabama v. Graves Co., supra, holds that venue is at the plaintiffs election where two separate venue provisions apply, and, hence, that Montgomery Industries can be sued in Mobile County even though it did not do business there. Associated Grocers involved a suit against a domestic corporation, and the issue was whether the general venue statute or the specific venue statute was applicable. In the instant case, there is no conflict between statutes; only § 6-3-7 is applicable to Montgomery Industries as a qualified foreign corporation, and that statute does not permit suit in Mobile County. Associated Grocers is not precedent for concluding that because venue in Mobile County was good as to non-qualified Lumber Systems, it was also good as to qualified Montgomery Industries.
Petitioner also argues that article XII, § 232, of the Alabama Constitution, as interpreted by this Court, is void and unenforceable as a violation of the Equal Protection Clause of the Fourteenth Amendment. Petitioner asserts that Montgomery Industries receives special treatment because it is a qualified corporation and thereby takes away petitioner’s/plaintiffs vested rights. However, petitioner has cited no reason why the State of Alabama cannot classify, for venue purposes, foreign corporations depending upon whether they have qualified to do business in this state.
In the instant case, venue in Mobile County is improper as to Montgomery Industries because it is a foreign corporation qualified to do business in Alabama, and because at the time this suit was filed it was doing business only in Escambia and Calhoun Counties. Thus, Judge Johnstone did not err in transferring the claim against Montgomery Industries to Escam-bia County. We note that the purpose of the constitutional provision was to encourage foreign corporations to qualify to do business in the state and to provide Alabama citizens with the opportunity to sue such corporations without the burden of going out of state to institute judicial proceedings. Louisville & N.R. Co. v. State, 201 Ala. 317, 78 So. 93 (1917), cert. dismissed, 248 U.S. 533, 39 S.Ct. 18, 63 L.Ed. 406 (1918); Nelms v. Edinburgh-American Land Mortgage Co., 92 Ala. 157, 9 So. 141 (1890).
When a foreign corporation, such as Montgomery Industries, asserts its constitutional privilege against suit in a county in which it is not doing business by agent, the trial court may properly transfer the entire action or the claim against the foreign corporation to a county in which venue is proper as to the defendant foreign corporation. Ex parte Tidwell Industries, Inc., 480 So.2d 1201 (Ala.1985). The choice between whether to transfer the entire action or only the claim against the party as to whom venue is improper is one made by the trial judge in the exercise of his discretion. Hodges v. General Shale Products Corp., 346 So.2d 416 (Ala.1977). In the interest of judicial economy, transfer of the entire action is the preferred alternative. Hodges v. General Shale Products Corp., supra.
The standard of review used by this Court in reviewing a trial court’s venue determination is whether the trial court abused its discretion and exercised its judgment in an arbitrary and capricious manner. Ex parte Wilson, 408 So.2d 94 (Ala.1981).
In transferring this entire action, the trial court did not abuse its discretion. The facts show that the seven individual defendants were and are residents of Escam-bia County; the plaintiff/petitioner was and is a resident of Escambia County; and the accident giving rise to this action occurred in Escambia County.
*829 The writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.