This is an appeal by the defendant from a judgment in favor of the plaintiff for $1,830 and costs.
Wayne Gowin and Clarence Manley filed an action against Ralph Harrelson in the Circuit Court of Houston County claiming that on July 31, 1974 Harrelson had represented to them that Harrelson was the lawful owner of a 1972 Oldsmobile four door Cutlass and, based on that representation, they had purchased the vehicle for $1,830. The complaint further alleged that the vehicle purchased was actually a 1971 Oldsmobile and by such misrepresentation Harrelson had breached his warranty of title.
Harrelson moved the court to transfer the case to Covington County, his permanent residence. The motion for change of venue was denied. Harrelson then filed an answer in which he admitted he was the owner of the vehicle and that he had sold it to the plaintiffs but denied that he had represented the vehicle to be a 1972 Oldsmobile rather than a 1971 Oldsmobile.
Trial was had before the court sitting without a jury. Manley was dismissed as a party plaintiff and a judgment was rendered against Harrelson and in favor of Gowin in the amount of $1,830. Harrelson's motion for new trial was denied.
The evidence shows that on July 31, 1974 Gowin purchased from Harrelson a vehicle represented by the bill of sale to be a 1972 Oldsmobile Cutlass four door sedan. The sale took place at the Auto Auction in Dothan, Alabama, which was owned by Manley. The serial number of the vehicle as it appeared on the bill of sale and tag registration receipt was 3G87H2R102248.
The vehicle was transferred several times to dissatisfied customers, finally coming back into Manley's possession. Manley, suspecting the car had been stolen, requested J.R. Pate, an Alabama State Trooper assigned to the Motor Vehicle Theft Unit, to inspect the vehicle. Pate testified that in July 1976 he examined the vehicle in question and found that the vehicle identification number, attached to the dashboard of the car, was 3G87H2R102248; this number indicated the vehicle was a 1972 Oldsmobile Cutlass two door coupe. However, the secondary number of the vehicle, which should have corresponded with the vehicle identification number, indicated the car was a 1971 Oldsmobile Cutlass four door sedan. Pate said in his opinion the dashboard from a 1972 Oldsmobile Cutlass had been placed in a 1971 Oldsmobile Cutlass.
Appellant Harrelson contends the trial court committed reversible error in denying his motion for change of venue to the county of his residence and in its assessment of damages against him.
Harrelson says that at the time the contract was made and at the time suit was filed he was a resident of Covington County, and furthermore he has never been a resident of Houston County. Relying on Rule 82 (b)(1)(A), ARCP, he says the proper venue for the contract action was Covington County, his county of residence. He did not waive venue (see Jordan v. Guaranty PestControl, Inc., 292 Ala. 601, 298 So.2d 244 [1974]), and therefore reversal is required, Assured Growth Corp. v.Tomberlin, Ala.Civ.App., 334 So.2d 918 (1976).
We think it is subdivision (c) of Rule 82, ARCP, rather than subdivision (b), which controls in the instant case. The first sentence of section (c) states:
 "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought."
The complaint can be viewed as stating two causes of action, one in tort for misrepresentation and one in contract for breach of warranty of title. According to Rule 82 (b)(1)(A), a personal action other *Page 791 
than an action in contract may be brought either in the county where the act complained of occurred, here Houston County, or in the county of the permanent residence of the defendant, here Covington County. Since the Circuit Court of Houston County had proper venue of the misrepresentation cause of action, under Rule 82 (c) venue was also proper for the breach of warranty action.
The committee comments to Rule 82 state:
 "These rules provide for a more liberal joinder of claims and of parties than has hitherto been possible in Alabama. These joinder provisions will be greatly restricted if venue must be proper as to every claim and every party which is joined, and authorization of liberalized joinder having been contemplated by the enabling act, such restriction is not considered to have been intended by the legislature."
Although this comment seems to refer to a situation where an ancillary claim has been joined to the original action, we think the comment applies with equal validity to the situation where, as here, two claims have been alleged initially in the complaint. The trial court committed no error in refusing the requested change of venue.
Harrelson's main contention appears to be that the trial court treated the case as one sounding in tort when in fact it was one sounding in contract. As a consequence, says Harrelson, the trial court erred in its assessment of damages.
As already stated, Gowin alleged a misrepresentation of material facts which induced him to purchase the vehicle in question in the complaint and the misrepresentation was proven at trial. Furthermore, Gowin failed to prove that Harrelson did not have title to the car when he sold it. Thus, the trial court did not err in awarding damages for misrepresentation rather than for breach of warranty of title.
With regard to the amount of damages, the supreme court inHall Motor Co. v. Furman, 285 Ala. 499, 504, 234 So.2d 37, 41
(1970), said:
 "If a fraud is not perpetrated grossly, maliciously, oppressively, and with an intent to deceive, the damages to be recovered are such as will compensate for actual damages received. Foster v. Kennedy's Adm'r, 38 Ala. 359; Berry v. Wooddy, 16 Ala. App. 348, 77 So. 942."
In the case at bar we found no evidence that the fraud was grossly, maliciously or oppressively perpetrated; hence the measure of damages in this instance would be the actual damages received.
Mr. Gowin testified that he paid $1,830 for a 1972 Oldsmobile Cutlass four door sedan and that the fair market value of such a vehicle at the time he bought it was between $1,800 and $1,900. He also stated that at this time the fair market value of a 1971 Oldsmobile Cutlass would be about $600 less than he paid for what he thought was a 1972 Oldsmobile Cutlass. Another witness testified that the market value of a 1972 Oldsmobile Cutlass four door sedan at the time Gowin purchased it would be between $1,800 and $1,900. This same witness testified that the fair market value of a 1971 Oldsmobile Cutlass in 1974 would be about $1,200.
The maximum amount of actual damages that could have been awarded by the trial court was $630; hence the judgment as to damages is erroneous. The judgment will be reversed unless appellee, Gowin, shall within thirty days after this date file a remittitur reducing the judgment from $1,830 to $630. If the appellee shall timely file such remittitur, the judgment will be reduced and affirmed for the sum of $630.
AFFIRMED CONDITIONALLY.
HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.
 Order of Reversal
This cause having been affirmed conditionally on June 8, 1977 and the appellee ordered to file with the Clerk of the Court of Civil Appeals of Alabama within 30 days from this date a remittitur of all damages *Page 792 
in excess of Six Hundred and Thirty Dollars ($630) or the judgment of the Circuit Court would be reversed and annulled and the cause remanded to said Court for further proceedings therein, and remittitur having not been filed with this Court,
IT IS THEREFORE ORDERED AND ADJUDGED that the judgment of the Circuit Court be reversed and annulled and the cause remanded to said Court for further proceedings therein.
IT IS FURTHER ORDERED that the appellee, Wayne Gowin, pay the costs accruing on said appeal in the Court below, for which costs let execution issue.