This is a petition for a Writ of Mandamus asking us to direct the trial judge to withdraw and vacate his order transferring this case from Montgomery to Cullman County.
O.D. Dickerson, Annette H. Dickerson and the Dickerson Corporation, an Alabama corporation, respondents here, operated the Cullman Nursing Home in Cullman and the Jasper Nursing Home in Jasper. The nursing homes participated in the Medicaid program which is administered in Alabama by the state's Medical Services Administration, petitioner here. A written contract was entered into in which the petitioner agreed to reimburse the respondents for certain operational expenses. To be reimbursed for participating in the Medicaid program, all nursing homes, including the Cullman and Jasper homes, were required to submit a cost report of expenses in the previous year to determine the amount that the Administration would pay for each day that a patient was in the nursing home.
On November 8, 1976, plaintiff Medical Services Administration filed suit in Montgomery County against Annette Dickerson and O.D. Dickerson, both individually and doing business as Jasper Nursing Home and Cullman Nursing Home. Alleging fraud and breach of contract, plaintiff sought recovery of funds improperly paid under the Medicaid program to the respondents. Plaintiff alleged that faulty financial statements were sent to its Montgomery offices and it relied upon these statements in reimbursing the nursing homes. *Page 908 
On December 1, 1977, the respondents filed a motion for change of venue to Cullman County. On February 17, 1978, following testimony and oral arguments, the trial judge denied the motion. Respondents filed a motion to alter, amend or vacate the aforementioned order, and on May 11, 1978, the trial judge reversed his previous order and entered an order transferring venue to Cullman County.
Although it is not completely clear from respondents' answer to the mandamus petition, the Circuit Clerk of Montgomery County must have transferred the cases to Cullman County within a short time after the order of transfer was entered, because the respondents' answer shows that they received notice, on May 23, 1978, from the Circuit Court of Cullman County that the two cases had been transferred to that court.
Apparently after the cases had been transferred to the Circuit Court of Cullman County, petitioner Medical Services filed a motion to alter or amend the May 11, 1978, order of transfer. On June 6, 1978, the defendants, Annette and O.D. Dickerson, filed a motion to strike the petitioner's motion to alter or amend; the trial judge granted this motion to strike on June 7, 1978; one of the reasons probably being that he could not vacate the transfer order after the cases had actually been transferred. The petition for mandamus was filed in this Court on July 5, 1978.
One issue presented to this Court is: When venue will properly lie in two counties, does the trial court have the discretionary power to transfer the case to the other proper county?
Section 6-3-2 of the Code of Alabama 1975, provides, in part:
 "(a) In proceedings of a legal nature against individuals:
* * * * * *
 "(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
 "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
Alabama Rule of Civil Procedure 82 (b)(1) provides, in part:
 "Actions against an individual or individuals having a permanent residence in this state:
 "(A) Must be brought in the county where the defendant . . . resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them . . ."
and Rule 82 (c) further provides:
 "Venue where claim or parties joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
The allegations of the complaint show that venue would have been proper in either Montgomery or Cullman County.
The Court of Civil Appeals has faced this issue in Harrelsonv. Gowin, 348 So.2d 789 (1977). That court reasoned:
 "The complaint can be viewed as stating two causes of action, one in tort for misrepresentation and one in contract for breach of warranty of title. According to Rule 82 (b)(1)(A), a personal action other than an action in contract may be brought either in the county where the act complained of occurred, here Houston *Page 909 
County, or in the county of the permanent residence of the defendant, here Covington County. Since the Circuit Court of Houston County had proper venue of the misrepresentation cause of action, under Rule 82 (c) venue was also proper for the breach of warranty action.
"The committee comments to Rule 82 state:
 "`These rules provide for a more liberal joinder of claims and of parties than has hitherto been possible in Alabama. These joinder provisions will be greatly restricted if venue must be proper as to every claim and every party which is joined, and authorization of liberalized joinder having been contemplated by the enabling act, such restriction is not considered to have been intended by the legislature.'
 Although this comment seems to refer to a situation where an ancillary claim has been joined to the original action, we think the comment applies with equal validity to the situation where, as here, two claims have been alleged initially in the complaint. The trial court committed no error in refusing the requested change of venue." 348 So.2d at 790-91.
We believe that where venue is proper in two or more counties, the plaintiff has the election to choose the county in which to proceed. Associated Grocers v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961).
Thus, the question before us is: What discretion does the trial judge have to change venue to another county in which it will properly lie:
Respondents refer us to a number of cases wherein this Court has stated that the matter of granting a change of venue is addressed to the sound discretion of the court. LibertyNational Life Insurance Co. v. Weldon, 267 Ala. 171,100 So.2d 696 (1958); Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953);Ex parte State, Ex rel. Ingram Land Co., 208 Ala. 28,93 So. 820 (1922). Each of the cited cases and others researched by this Court deal with the discretion to be exercised by the trial judge in changing venue to a county, where venue would otherwise be improper, due to local bias and prejudice. Such an exercise of discretion is and has long been authorized by statute where the court determines that either party "cannot have a fair and impartial trial in the county where the action is pending." Code of Alabama 1975, § 6-3-20. There is no other provision in the Code of Alabama authorizing a court to change venue in cases such as these, and we have neither been directed to nor discovered case law authorizing such a change except under the above provisions. It appears from the record that respondents made no allegations in the lower court of bias or prejudice in Montgomery County. There was no charge that they could not receive a "fair and impartial trial" in Montgomery County.
The apparent basis for the order changing venue in this case is convenience. Respondents argue that the witnesses and nursing home records required for trial are located in Cullman County and that it would be unduly burdensome to transport them to Montgomery County for an extended trial. We have failed to find any authority in Alabama, statutory or otherwise, changing venue for the convenience of either the parties, the witnesses, or the court. In fact, we find a statement that there is no provision in the Rules of Civil Procedure, or in statutes which authorizes a change of venue solely for convenience. See Author's Comments to Rule 82, Lyons, Alabama Practice, Rules ofCivil Procedure Annotated, Vol. 2, p. 581.
The burden of proving that venue is improper in a county in which suit is filed is upon the party making such a claim.Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441
(1960), McCord v. Harrison Stringer, 207 Ala. 480, 93 So. 428
(1922). The respondents failed to meet this burden. They contend that the thrust of the complaints is breach of contract; however, we construe the "thrust of the complaints" to be in tort for misrepresentation and fraud. Since the cost reports required by the Medical Services Administration and *Page 910 
containing the alleged misrepresentations were mailed to its offices in Montgomery and since these cost reports were allegedly relied upon by the Administration in finally approving payments made to the nursing homes, we are of the opinion that Montgomery County is "the county in which the act or omission complained of may have been done or may have occurred." Code of Alabama 1975, § 6-3-2. In any event, we agree with the reasoning of the Court of Civil Appeals' opinion in Harrelson v. Gowin, supra.
The trial court therefore erred in ordering venue in this cause changed to Cullman County.
The second issue is: Can we compel the trial judge to vacate his order of transfer when the cases have already been transferred?
Respondents argue that it is too late for the Montgomery Circuit Court to vacate its order changing venue since they have already been advised by the Cullman County Circuit Court, under § 6-3-22, Code 1975, that the case has been transferred to that court. They cite Ex parte Morrow, 259 Ala. 250,66 So.2d 130 (1953). That case states that where the matter has already been transmitted to the other court, mandamus will not lie since the original court could not be ordered to do that which it could not legally do.
Ex parte Morrow is apt authority, but it was decided before the promulgation of the Alabama Rules of Civil Procedure, which are to be "construed to secure the just, speedy and inexpensive determination of every action." Rule 1 (c), ARCP.
If we applied Ex parte Morrow, the petitioner here would have to file a motion in the Circuit Court of Cullman County to transfer the cause back to the Circuit Court of Montgomery County. To require this needless procedure would be unjust, expensive and most of all, a waste of time.
The concept of the unified judicial system and the procedural rules governing its administration is that justice will be delivered quickly, fairly and efficiently. For example, Rule 33, Rules of Judicial Administration, provides that "[w]hen a case is transferred from one court to another, the court from which the case is transferred shall transfer all original records in the case to the office of the clerk of the court to which the case is being transferred; provided, however, that the court transferring the case shall maintain a copy of the original records."
We, therefore, decline to follow Ex parte Morrow.
The trial judge is directed to withdraw and vacate his order transferring this case, and is further directed to notify the Circuit Court of Cullman County of our action by sending to that court a copy of this opinion.
WRIT OF MANDAMUS GRANTED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.