ALMON, Justice.
This is a mandamus proceeding to change venue.
The plaintiff H. L. Raburn & Company is a partnership of certified public accountants whose offices are located in Jefferson County, Alabama. The plaintiff brought suit in Jefferson County, for work and labor done, against Educational Consultants, Inc., and Educational Resources, Inc., both of *1076 which were incorporated and have their principal places of business in Madison County, Alabama; and Carlos B. Harbison, an individual residing in Marshall County, Alabama. Neither corporation did business by agent in Jefferson County.
After motion and hearing the Circuit Court transferred this cause of action to Madison County. The plaintiff petitioned this Court for a writ of mandamus to vacate the order of transferal.
The plaintiff contends the action of the Circuit Court in transferring the cause is contrary to Code 1975, § 6-3-3, which states:
In all actions for work and labor done or breaches of contracts or covenants as to easements or rights-of-way, the action may be commenced in the county in which the work was done or in which the land is situated as to which the easement or right-of-way was granted.
The respondents contend that venue should be in the county where the ultimate application or benefit of the services rendered is conferred. They contend that the statute provides venue in the county where the object of the work and labor was to be received.
The evidence submitted to the Circuit Court was in conflict as to where the majority of the work was performed. Each side presented evidence that a majority of the work was done in its respective county. It is clear from the record that a substantial amount of the work was done in Jefferson County.
Initially venue would have been proper in either county. When venue is proper in two or more counties the plaintiff may elect the county in which to proceed, and when this election is made venue will not be disturbed. Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978); Associated Grocers v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961); Ex parte: Cummings, Gazaway & Scott, Inc., [Ms. May 30, 1980] (Ala.1980).
The apparent basis of the trial judge’s order transferring venue is that of convenience. In Medical Service Administration v. Dickerson, supra, this Court, in considering convenience as the basis for a change in venue, stated:
We have failed to find any authority in Alabama, statutory or otherwise, changing venue for the convenience of either the parties, the witnesses, or the court. In fact, we find a statement that there is no provision in the Rules of Civil Procedure, or in statutes which authorizes a change of venue solely for convenience. See Author’s Comments to Rule 82, Lyons, Alabama Practice, Rules of Civil Procedure Annotated, Vol. 2, p. 581.
362 So.2d at 909.
The burden of proving improper venue is upon the party making such a claim. Medical Service Administration v. Dickerson, supra; Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960). The respondents have failed to meet this burden and the trial judge is hereby directed to withdraw and vacate his order transferring this cause to Madison County.
WRIT OF MANDAMUS GRANTED.
TORBERT, C. J., and FAULKNER, JONES and EMBRY, JJ., concur.