Is the trial judge of a county to which a case has been transferred under Rule 82 (d)(1), A.R.Civ.P., authorized to consider a motion to retransfer the case to the county in which it was initially filed? This is the issue presented by this petition for writ of mandamus. We hold that he is not and grant the writ.
On November 23, 1983, respondent/plaintiff Waldrep filed suit in Jefferson County against petitioners/defendants Tidwell *Page 1202 
Industries (Tidwell), Tidwell Brokers, Inc. (Brokers), and International Harvester Company, Inc., seeking damages for personal injuries suffered in a tractor/trailer accident in Mississippi. On January 9, 1984, Tidwell and Brokers filed a motion to transfer the case to Winston County, contending that venue was improper in Jefferson County under Art. XII, § 232, of the Alabama Constitution and § 6-3-7, Ala. Code 1975. Tidwell and Brokers argue that they are foreign corporations (incorporated under Delaware law) with their principal places of business in Haleyville, Winston County; they also argue that neither corporation was doing business by agent in Jefferson County at the inception of the suit. Officers from both corporations submitted affidavits attesting to the above facts. Waldrep submitted no evidence at the hearing. On January 31, 1984, Jefferson County Circuit Court Judge John Bryan heard arguments on the motion. Based on the information before him, Judge Bryan ordered the case transferred to Winston County.
That same day, Waldrep filed a motion for reconsideration in Jefferson County Circuit Court. In this motion, Waldrep stated that the transfer was "premature . . . until the question of `doing business' can be fairly and accurately resolved by discovery." Waldrep had not previously initiated any discovery proceedings. Thereafter, Waldrep filed a second, similar motion in Jefferson County Circuit Court on March 19, 1984. This motion was supported by a memorandum of law and an affidavit with photographs by an investigator, referring to business allegedly conducted by Tidwell in Jefferson County.
The next day, March 20, Waldrep filed in the Winston County Circuit Court a motion to remand the case to Jefferson County. The trial judge heard arguments on the motion in October 1984, and on July 18, 1985, granted the motion, remanding the case to Jefferson County. Tidwell thereupon filed this petition for writ of mandamus, seeking an order to compel Judge Aderholt, the Winston County judge, to vacate his retransfer order.
The law for determining the proper venue of this action is the Alabama Constitution, Art. XII, § 232, and § 6-3-7, Ala. Code 1975. The constitutional provision states, in pertinent part:
 "Such [foreign] corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."
Ala. Const. Art. XII, § 232. Similarly, § 6-3-7 provides:
 "A foreign corporation may be sued in any county in which it does business by agent. . . ."
Thus, when a foreign corporation asserts its constitutional privilege against suit in a county in which it is not doing business by agent, the trial court may properly transfer the entire action or the claim against the foreign corporation to a county in which the defendant foreign corporation is amenable to suit. Hodges v. General Shale Products Corp., 346 So.2d 416
(Ala. 1977). Rule 82, A.R.Civ.P., makes such a transfer mandatory:
"(d) Improper Venue.
 "(1) As of the Commencement of the Action. When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein."
A.R.Civ.P., Rule 82 (d)(1).
Mandamus is the appropriate remedy to review the action of the trial court. Medical Service Administration v. Dickerson,362 So.2d 906 (Ala. 1978), expressly overruling Ex parteMorrow, 259 Ala. 250, 66 So.2d 130 (1953). Writing for the Court in Dickerson, Justice Maddox stated:
 "If we applied Ex parte Morrow [holding mandamus to be an inappropriate remedy], the petitioner here would have to file a motion in the [transferee court] to transfer the cause back to the [transferor court]. To require this needless procedure *Page 1203 
would be unjust, expensive and most of all, a waste of time."
362 So.2d at 910.
The procedure Waldrep followed in the present case — filing a motion to retransfer in the transferee court — is precisely the kind of "needless procedure" that Justice Maddox described in Dickerson.
The foreign corporation supported its motion for transfer with affidavits establishing factually that venue was improper in Jefferson County. These facts were not controverted in Jefferson County, so the trial judge properly, as he is mandated to do by Rule 82 (d)(1), A.R.Civ.P., ordered the transfer.
If the plaintiff thought that the trial court in Jefferson County prematurely granted the defendants' motion to transfer and thereby denied him a reasonable opportunity to develop facts to support his claim that venue was proper in Jefferson County, his remedy was by way of mandamus to the judge in Jefferson County. Ex parte Maness, 386 So.2d 429 (Ala. 1980). He cannot subsequently establish those facts in the county to which the case has been transferred.
We hold that the trial judge in Winston County erred in entertaining the motion to retransfer the case to Jefferson County. The writ of mandamus is granted.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES, SHORES, and HOUSTON, JJ., concur.