The plaintiff, Bennie K. Baldwin, Jr., appeals the trial court's dismissal of his action seeking the partition of a 99-year leasehold in 10 acres of land. The plaintiff and defendant Leon C. Baldwin are co-tenants under the lease. The land is owned by defendant Fairhope Single Tax Corporation. We reverse and remand.
The dispositive issue in this case is whether the plaintiff is entitled to a partition under § 35-6-20, Code 1975. That section, in pertinent part, reads as follows:
 "The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common. . . ."
The defendants contend that this section does not vest jurisdiction in the circuit court to partition a leasehold. They argue that only a joint owner of the fee or a tenant in common as to the fee is entitled to partition. We disagree.
Because of the disjunctive wording of the statute, our decision in this case does not require that we classify the leasehold as either real or personal property. However, it is interesting to note that an interest in realty arising out of a lease is generally stated to be hermaphroditic in nature, being partly real and partly personal. At common law, estates for years were classified as chattels real and regarded as personal property. In modern American law, a leasehold is for some purposes treated as realty and for others treated as personalty. See Thompson on Real Property § 1016 (1980); Comment, Personal Property — Estates for Years — Nature ofInterest of Lessee for Years, 25 N.C.L.Rev. 516 (1947); Moynihan, Introduction to the Law of Real Property (1962); 49 Am.Jur.2d Landlord and Tenant §§ 7, 8 (1970).
Section 35-6-20, supra, clearly confers jurisdiction on the circuit court to "divide or partition . . . any property, realor personal, held by joint owners or tenants in common." Cotenancy is an indispensable element of compulsory partition or a sale for division; therefore, a remainderman cannot maintain an action for partition or for sale for division against the life tenant. See Richardson v. Richardson,417 So.2d 158 (Ala. 1982). Although the terms "joint owners" and "tenants in common" are customarily used in describing the relationship between the holders of a fee, § 35-6-20 does not limit the jurisdiction of the circuit court to partition only a fee. The phrase "held by joint owners or tenants in common" refers to "any property." Clearly the statute contemplates partition not only of a fee, but also of a leasehold held by co-tenants. Therefore, we hold that § 35-6-20 confers jurisdiction on the circuit court to partition a leasehold.
The plaintiff and defendant Leon C. Baldwin are co-tenants under the lease in question, each having an equal right to the possession and use of the entire 10-acre tract. The plaintiff alleged the following in his complaint:
 "6. The Plaintiff has requested and, after the refusal of this request, has demanded that the Defendant allow the Plaintiff the use of a specified portion of *Page 562 
the land which is now being exclusively used by the Defendant.
 "7. The Defendant has refused this demand and has informed the Plaintiff that the Plaintiff is forbidden to use the property for the purpose sought by the Plaintiff.
 "8. The property is unimproved farmland upon which trees are growing and can be partitioned so as to protect the rights and interest of both the Plaintiff and the Defendant.
 "9. By this complaint, the Plaintiff exercises his statutory right to demand partition of the property under the laws of the State of Alabama."
A motion to dismiss is properly granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief.Garrett v. Gilley, 488 So.2d 1360 (Ala. 1986). As can be seen from the complaint, the plaintiff has set out facts that, if proven, would entitle him to a partition.
It should be noted that a co-tenant's right under the statute to have a leasehold partitioned should not infringe upon the lessor's rights under the lease. If a leasehold can be equitably partitioned among the co-tenants, the rights of the lessor under the lease will certainly not be diminished. If a leasehold cannot be equitably partitioned among the co-tenants, the co-tenants may negotiate among themselves for a transfer of their respective interests. Section 35-6-100, Code 1975. Should an interest in the leasehold be transferred from one co-tenant to another, or should it become necessary to transfer the leasehold to one not a party to the lease, the lessor still retains whatever rights he has under the lease as to assignability.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, BEATTY, ADAMS and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
ALMON and SHORES, JJ., not sitting.