The primary issue in this petition for mandamus is whether a leasehold interest in real property is considered real or personal property. Specifically, the question is whether the proper venue of an action in which a leasehold interest is the primary subject of the controversy is solely in the county where the leased property is located.
Petitioner asks us to direct the trial judge to withdraw and vacate his order *Page 778 
transferring this case from Dale to Coffee County.
 FACTS On December 26, 1984, respondent C.H. B., Inc., an Alabama corporation doing business in both Dale and Coffee Counties, and Bobby Gene Nottingham, husband of petitioner Joyce F. Nottingham, both residents of Dale County, entered into a three-year lease agreement with respondent corporation for space in the Colony Inn motel located in Enterprise, Coffee County, Alabama, for the purpose of operating a restaurant.
 A dispute between the parties subsequently arose regarding the lease agreement. On May 13, 1987, Joyce F. Nottingham, the lessee's wife and assignee of the lease, who was also a resident of Dale County, filed a complaint in the Circuit Court of Dale County seeking: (1) a declaratory judgment and damages for an alleged breach of a covenant in the lease, and (2) damages for tortious interference with a business and/or contractual relationship. One day later, on May 14, 1987, C.H. B., Inc., filed a similar action for a declaratory judgment in the Circuit Court of Coffee County, Enterprise Division, against Joyce F. Nottingham, et al., seeking termination of the lease and an order precluding the defendants from the possession, use, or enjoyment of the property in question.
 Respondent C.H. B., Inc., then filed a motion pursuant to Rule 82(d), Ala.R. Civ.P., in the Dale County action, and asked for a change of venue to the Coffee County Circuit Court on the ground that the subject matter of both complaints involved real property located in Coffee County and that Coffee County was the proper venue for both actions. The trial judge granted the motion. Petitioner then filed this petition for writ of mandamus.
 OPINION A determination of whether Dale County or Coffee County is an appropriate venue depends upon the nature of the action. Both actions involve a lease of real property, and the determinative question is whether a lease of real property is considered to be real or personal property. Insofar as we can determine, this is the first time that this Court has been asked to determine whether a leasehold interest is considered to be real or personal property in determining the venue of an action involving a lease. This Court, in another setting, did recently state, in Baldwin v. Baldwin, 516 So.2d 560 (Ala. 1987), as follows:
 "An interest in realty arising out of a lease is generally stated to be hermaphroditic in nature, being partly real and partly personal. At common law, estates for years were classified as chattels real and regarded as personal property."
516 So.2d at 561.
 We have not determined how the legislature has treated leasehold interests in other settings, but for the purposes of determining the proper venue of an action involving a lease, we hold that an estate for years is a chattel real and is considered to be personal property. Our holding is based upon the principle that the common law of England, so far as it is not inconsistent with the Constitution, laws, and institutions of this state, is the rule of law that we apply.
Section 1-3-1, Code of Alabama 1975, provides as follows:
 "The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."
 We are not aware of any provision of law wherein the legislature has repealed the common law rule that "estates for years were . . . regarded as personal property," Baldwin.
 We hold that a lease for years is personal property, a chattel real, for purposes of determining the venue of an action brought concerning the lease. *Page 779 
 Our holding is consistent with decisions from other jurisdictions and with authorities on the law of real property.
 The Court of Civil Appeals of Texas concluded that "a leasehold interest is not ordinarily regarded as real property within [the] meaning of venue statutes." Tracy v. King, 249 S.W.2d 642 (Tex.Civ.App. 1952).
 In an action that involved the construction of a lease contract, the Court of Appeals of Maryland held:
 "[T]he instrument of lease is thus both an executory contract and a present conveyance, creating between the parties both privity of contract and of estate [citations omitted]. Therefore, the obligations which the parties bear to each other may arise out of contract or from the real covenants of the leasehold estate, or sometimes from both." Arthur Treacher's Fish Chips of Fairfax, Inc., v. Chillum Terrace, Ltd., 272 Md. 720, 327 A.2d 282, 286 (1974).
 The present situation is analogous to that discussed by a leading authority on contracts:
 "One who has no more than the rights of use and occupation of part of a building is not commonly regarded as an owner of an interest in the property or having the risks of such ownership. . . . The transaction between the parties is regarded merely as a contract and not as a conveyance of property." Corbin on Contracts, § 1358 at 481-82 (1962).
 In Thompson on Real Property, § 1029 at 93 (repl. ed. 1980), it is stated:
 "[A] lease is both a contract and a conveyance of an interest of land. Thus, two sets of obligations arise, one from the relationship of landlord and tenant coming from privity of estate and the other from the express provision of the contract and being based on privity of contract."
 Because we hold that the lease sued upon is personal property, the action is one in personam, and not in rem, and is transitory, and the action may be brought in any county where other transitory actions could be brought.
The respondent here is a domestic corporation.
 Section 6-3-7 of the Code of Alabama 1975, provides in pertinent part as follows:
 "[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." (emphasis added)
 Inasmuch as C.H. B., Inc., is a domestic corporation doing business in both Dale and Coffee Counties and petitioner is a resident of Dale County, venue would be proper in either county. When venue is proper in two or more counties the plaintiff may elect the county in which to proceed, and when this election is made venue will not be disturbed. Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala. 1978); Associated Grocers v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961); Ex parte H.L. Raburn Co., 384 So.2d 1075
(Ala. 1980).
 The writ of mandamus is, therefore, due to be granted, and the trial court is hereby ordered to vacate the order transferring the cause to the Circuit Court of Coffee County, Enterprise Division, and to restore the case to the docket of the Circuit Court of Dale County.
WRIT GRANTED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur. *Page 780