Although I concur in the majority's affirmance of the directed verdict in favor of C. James Beaird (the "landlord"), I would also hold that the Alabama Deceptive Trade Practices Act, Ala. Code 1975, §§ 8-19-1 through -15, applies to landlord-tenant relationships. Accordingly, I concur specially to explain the issue, which I believe is of significant precedential value to warrant a thorough discussion. *Page 746 
To better explain my special concurrence, I will briefly restate the pertinent facts. Marlene Sam (the "tenant") rented a house from the landlord. The house was rented through participation in the Section 8 housing program. Section 8 is a federal program offering rent assistance to lower income families. The federal government pays a portion of the rent for a Section 8 participant. Once a participant has met the requirements of the Section 8 program and is approved, he or she searches for suitable housing and attempts to convince the property owner to participate in the program as well. Suffice it to say, the Section 8 program places demands upon a landlord. The rental property must pass an initial inspection and must meet minimum housing quality standards at all times.
When the tenant entered the program, she found the landlord's house suitable to her needs, and she convinced him to enter the Section 8 program. The tenant moved into the landlord's house in March 1992. Although her move was delayed because of some problems uncovered in the Section 8 inspection, at the time the tenant moved in, the house met the minimum housing quality standards. During her two-year tenancy, the tenant allegedly experienced a multitude of problems. The most urgent alleged problems were the failure of the furnace to actually heat the house on quite a few occasions and the loss of water on one occasion because the water pipes burst in January 1994. As a result of these problems and the landlord's decision to withdraw from the Section 8 program, the tenant sued the landlord alleging constructive eviction, breach of contract, and violations of the Alabama Deceptive Trade Practices Act. As I concur with the majority's affirmance on the constructive eviction and breach of contract claims, I will address only the claim based upon the Alabama Deceptive Trade Practices Act.
The Alabama Deceptive Trade Practices Act is codified in Ala. Code 1975, § 8-19-1 through -15. The purpose of the Act is to ensure a "strong and effective consumer protection program. . . ." §§ 8-19-1. The tenant alleges that the landlord's refusal to maintain the rental property in accordance with the minimum housing safety standards amounted to a deceptive trade practice under § 8-19-5(23), which is a catch-all provision prohibiting a person from "engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce."
No case in Alabama has determined whether the Act is applicable to a lease or a landlord-tenant relationship. However, the definitions of the Act permit the interpretation that it would apply to the deceptive trade practices of a landlord.
Section 8-19-3 defines the terms used in the statute. That section describes "goods" as: "any property, tangible or intangible, real, personal, or any combination thereof. . . ." § 8-19-3(3). In addition, the section explains that the terms "sale, buying, and distribution[,] [i]n addition to their ordinary meanings, include but are not limited to the act ofleasing, renting, or consigning." § 8-19-3(6) (emphasis added). The term "trade or commerce" is also defined in § 8-19-3(8) and "[i]ncludes but is not limited to the advertising, buying, offering for sale, sale or distribution or performance of any service or goods, and any other article, commodity or thing of value wherever situated and shall include any trade or commerce affecting the people of this state."
The tenant's lease is partly an interest in real property and partly an interest in personal property, see Baldwin v.Baldwin, 516 So.2d 560, 561 (Ala. 1987), and, under either view, it is a good as defined by the statute. In addition, the statute expressly provides that leases are covered in its definition of sale, buying, and distribution. Finally, the catch-all provision upon which the tenant's action is based ostensibly covers any deceptive practice in "any trade or commerce affecting the people of this state," which would include leasing real property. § 8-19-3(8) (emphasis added).
Regardless of the applicability of the Alabama Deceptive Trade Practices Act, I agree with the majority that the directed verdict in favor of the landlord was proper. The landlord had available to him the defense that he "did not knowingly commit any act or knowingly engage in any activity which constitutes a violation of any provision of this chapter." *Page 747 
§ 8-19-13. Because the tenant could not prove that the landlord knew when he rented his property to her that the property had certain defects that later developed into problems for the tenant, the tenant's claim under the Alabama Deceptive Trade Practices Act was appropriately removed from the consideration of the jury by entry of a directed verdict in favor of the landlord.