Rel: March 24, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

## CL-2022-1148 and CL-2022-1191

_____

## Ex parte D.A. and M.A.

## PETITIONS FOR WRIT OF MANDAMUS

## (In re: C.H.

## v.

## D.A. et al.)

## (Jefferson Juvenile Court, Bessemer Division, JU-18-293.01 and JU-18-293.02)

FRIDY, Judge.

D.A. and M.A. ("the paternal grandparents") filed a petition for a writ of mandamus directing the Jefferson Juvenile Court to vacate all orders that that court entered after September 22, 2022, in an action that

C.H. ("the maternal grandmother") commenced seeking visitation with S.A., the parties' grandchild ("the grandchild"). In that petition, assigned appellate case number CL-2022-1191, the paternal grandparents contend that the Jefferson Juvenile Court lacked jurisdiction to enter orders in the visitation action after it entered an order purporting to transfer that action to the Walker Juvenile Court. The paternal grandparents had previously filed a petition for a writ of mandamus directing the Jefferson Juvenile Court to dismiss the visitation action; that petition was assigned appellate case number CL-2022-1148. We consolidated both petitions. For the reasons discussed herein, we grant in part and deny in part the petition in appellate case number CL-2022-1191 ("the second mandamus petition"), and we dismiss the petition in appellate case number CL-2022-1148 ("the first mandamus petition") as moot.

Background

The materials before this court indicate that on March 9, 2020, the Jefferson Juvenile Court entered a "private dependency petition order" in case number JU-18-293.01, placing the grandchild in the custody of the paternal grandparents and prohibiting contact between the maternal grandmother and the grandchild.

On May 24, 2022, the maternal grandmother filed a complaint in the Walker Circuit Court seeking visitation with the grandchild pursuant to Alabama's Grandparent Visitation Act ("the GVA"), § 30-3-4.2, Ala. Code 1975. On July 5, 2022, the maternal grandmother filed a motion in the Walker Circuit Court seeking to have the visitation action transferred to the "circuit civil division" of the Jefferson Circuit Court. On July 6, 2022, the Walker Circuit Court granted the maternal grandmother's motion and transferred the visitation action to the Jefferson Circuit Court.

On September 12, 2022, the Jefferson Circuit Court entered an order purporting to transfer the visitation action to the "Family Court of Jefferson County," that is, to the Jefferson Juvenile Court, where it was assigned case number JU-18-293.02. On September 22, 2022, the Jefferson Juvenile Court entered an order purporting to transfer the grandmother's visitation action to the Walker Juvenile Court, stating that the child lived in Walker County. A handwritten notation on that order says: "even though the case originated here in the Bessemer Family Court this case needs to be transferred to the Circuit Civil Division for the Complaint on grandparent visitation." The September 22, 2022, order

3

is stamped "filed" on September 27, 2022, and indicates that Susan Odom, the Walker Circuit Court clerk, received the record. On October 12, 2022, the Jefferson Juvenile Court filed its acknowledgment that the Walker Circuit Court had received the visitation action.

On October 19, 2022, the paternal grandparents filed in the Jefferson Juvenile Court a "motion to reconsider order of transfer of venue," asserting that the child lived in Jefferson County. On October 20, 2022, the Jefferson Juvenile Court entered an order purporting to grant the motion to reconsider, noting that "the case shall remain in Jefferson County" and adding that it would be docketed "soon." That same day, the Jefferson Juvenile Court appointed a guardian ad litem for the grandchild.

On October 27, 2022, the paternal grandparents filed in the Jefferson Juvenile Court a motion to dismiss the maternal grandmother's visitation action, contending that the GVA does not create a cause of action pursuant to which the maternal grandmother can seek visitation from a nonparent custodian of the grandchild. On October 28, 2022, the Jefferson Juvenile Court entered an order purporting to deny the paternal grandparents' motion to dismiss.

4

On November 4, 2022, the Jefferson Juvenile Court entered an order, apparently without taking evidence on the issue of grandparent visitation, purporting to award the maternal grandmother supervised visitation with the grandchild on the third Sunday of each month after church, "possibly to have lunch or early dinner." The paternal grandparents were directed to supervise the visits. The guardian ad litem was to be present at one of the visits and to report to the Jefferson Juvenile Court, which would then review the case in February 2023.

On November 9, 2022, the paternal grandparents filed the first mandamus petition challenging the Jefferson Juvenile Court's refusal to dismiss the visitation action before the November 2022 order granting visitation was entered. On January 24, 2023, the paternal grandparents filed the second mandamus petition, in which they challenge the Jefferson Juvenile Court's jurisdiction in light of its September 22, 2022, order purporting to transfer the case to Walker County.

Analysis

Appellate Case No. CL-2022-1191

We defer discussion of the first mandamus petition until the end of this opinion because, for reasons that will become clear in our analysis of

5

the second mandamus petition, we conclude that the first mandamus petition is moot. In the second mandamus petition, the paternal grandparents challenge the Jefferson Juvenile Court's jurisdiction to enter any orders once it transferred the maternal grandmother's visitation action to the Walker Juvenile Court on September 22, 2022.

We first note that the paternal grandparents did not file the second mandamus petition until January 24, 2023, some four months after the Jefferson Juvenile Court's order transferring the action to the Walker Juvenile Court. Generally, a mandamus petition must "be filed within a reasonable time." Rule 21(a)(3), Ala. R. App. P. The presumptively reasonable time for filing a mandamus petition is the same as the time for taking an appeal, which, in a juvenile action, is within 14 days of the entry of the challenged order. See Rule 21(a)(3), Ala. R. App. P., and Ex parte Madison Cnty. Dep't of Hum. Res., 261 So. 3d 381, 384-85 (Ala. Civ. App. 2017). Clearly, the paternal grandparents did not file the second mandamus petition within the presumptively reasonable time, and the petition fails to "include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time" that Rule

21(a)(3), Ala. R. App. P., requires. However, our supreme court has held that a petition for a writ of mandamus that challenges the subject-matter jurisdiction of a trial court need not be filed within the presumptively reasonable period prescribed by Rule 21. See Ex parte K.R., 210 So. 3d 1106, 1112 (Ala. 2016) (holding that, "even though [the] petition [was] untimely filed, we will consider [the] argument ... because it concerns the jurisdiction of the probate court, of which we may take notice ex mero motu"). Therefore, we will consider the second mandamus petition.

> "[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Edgar, 543 So. 2d 682, 684 (Ala. 1989).

In support of their second mandamus petition, the paternal grandparents contend that the Jefferson Juvenile Court no longer had jurisdiction over the visitation action once it entered the September 22, 2022, order transferring the action to the Walker Juvenile Court. Therefore, they contend, the Jefferson Juvenile Court did not have jurisdiction to enter the October 20, 2022, order purporting to rescind the

transfer order or to enter any of its other orders entered after September 22, 2022.

Our supreme court has held that

"[o]nce the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned. Ex parte Morrow, 259 Ala. 250, 66 So. 2d 130 (1953). Furthermore, the trial judge of the transferee court may not consider a motion to retransfer the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So. 2d 1201 (Ala. 1985). The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court."

Ex parte MedPartners, Inc., 820 So. 2d 815, 821 (Ala. 2001).

"Where the trial court has improperly ordered a transfer, mandamus against the transferor court is an appropriate remedy, notwithstanding the fact that an order has been entered which moves the case to the transferee court. The transferee court lacks authority to consider a motion to retransfer an action to the county in which it was initially filed. Mandamus to the transferor court is the appropriate avenue for seeking redress of any error in the transfer."

2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 82.4, p. 553 (3d ed. 1996) (citations omitted).

Here, once the Walker Circuit Court, as the transferor court, entered an order transferring the maternal grandmother's visitation

action to the Jefferson Circuit Court, the Jefferson Circuit Court did not

have the option of transferring the case back to the Walker Circuit Court.

However, the Jefferson Circuit Court purported to transfer the action to

the Jefferson Juvenile Court, and the Jefferson Juvenile Court attempted

to transfer the action to the Walker Juvenile Court.

Despite the Jefferson Circuit Court's attempt to transfer the action

to the Jefferson Juvenile Court, the latter court did not have and could

not obtain jurisdiction over the maternal grandmother's visitation action.

Generally, grandparent visitation is governed by § 30-3-4.2, Ala. Code

1975, which provides in part that

> "[a] grandparent may file an original action in a circuit court where his or her grandchild resides or any other court exercising jurisdiction with respect to the grandchild or file a motion to intervene in any action when any court in this state has before it any issue concerning custody of the grandchild, including a domestic relations proceeding involving the parent or parents of the grandchild, for reasonable visitation rights with respect to the grandchild."

§ 30-3-4.2(b), Ala. Code 1975.

The documents filed in these mandamus proceedings indicate that

the Jefferson Juvenile Court had closed the original dependency action

and that there was no other case involving the grandchild pending in that

court or any other court. Because no other court, including the Jefferson

9

Juvenile Court, was exercising jurisdiction over the grandchild, § 30-3-4.2(b) required that the maternal grandmother's original visitation action be filed in and adjudicated by a circuit court. See Ex parte R.D., 313 So. 3d 1119, 1129 (Ala. Civ. App. 2020).[1] Because the Jefferson Juvenile Court did not have and could not obtain subject-matter jurisdiction over the maternal grandmother's visitation action, the Jefferson Circuit Court was not authorized to enter the order of September 12, 2022, purporting to transfer that action to the Jefferson Juvenile Court. See, e.g., C.D.S. v. K.S.S., 963 So. 2d 125, 130 n.5 (Ala. Civ. App. 2007) (recognizing that a circuit court could not confer jurisdiction on a juvenile court by purporting to transfer a custody action to the juvenile court when the circuit court had jurisdiction over custody matters pursuant to its continuing jurisdiction conferred by the parties' divorce action). Thus, all orders that the Jefferson Juvenile Court purported to enter thereafter, including the attempt to transfer the

---

[1]Of course, § 12-15-115(10), Ala. Code 1975, provides that a juvenile court has original jurisdiction over "[p]roceedings to establish grandparent visitation when filed as part of a juvenile court case involving the same child." In this case, however, the maternal grandmother's visitation action was not filed as part of a juvenile court case but as a separate action.

action to the Walker Juvenile Court and to allow the maternal grandmother to exercise visitation with the grandchild, are void for lack of jurisdiction. See J.N.S. v. A.H., [Ms. 2210273, Oct. 21, 2022] ___ So. 3d ___ (Ala. Civ. App. 2022).

In appellate case no. CL-2022-1191, the paternal grandparents have demonstrated that they are entitled to a petition to a writ of mandamus to the extent that the Jefferson Juvenile Court did not have jurisdiction over the maternal grandmother's visitation petition. However, they have failed to demonstrate that the Walker Circuit Court has retained jurisdiction over that action. Thus, we grant in part and deny in part the petition in appellate case no CL-2022-1191, with instructions to the Jefferson Juvenile Court to set aside all of its orders and transfer the action back to the Jefferson Circuit Court. See § 12-11-11, Ala. Code 1975.

### Appellate Case No. CL-2022-1148

The paternal grandparents' first petition for a writ of mandamus asks this court to direct the Jefferson Juvenile Court to vacate its order denying their motion to dismiss the maternal grandmother's visitation action and to direct that court to enter an order dismissing that action.

11

As noted above, however, the Jefferson Juvenile Court does not have jurisdiction over the maternal grandmother's visitation action, and it therefore had no basis on which to entertain their motion to dismiss. Thus, the petition in appellate case number CL-2022-1148 is dismissed as moot, Ex parte Taylor, [Ms. 2200379, Apr. 2, 2021] ___ So. 3d ___ (Ala. Civ. App. 2021) ("A petition for the writ of mandamus is moot when there is no real controversy and it seeks to determine an abstract question that does not rest on existing facts."), and the parents are free to assert their argument for dismissal in the Jefferson Circuit Court upon transfer of the maternal grandmother's visitation action back to that court.

CL-2022-1148 -- PETITION DISMISSED AS MOOT.

CL-2022-1191 -- PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

Thompson, P.J, and Moore, Edwards, and Hanson, JJ., concur.